## Elwyn D. Seaton v. Ebenezer L. Kendall.

61  289
171s  410

1.  ARBITRATION—*Not Necessary to Name the Court in Which the Judgment is to be Entered.*—In an agreement to submit matters to arbitration, under the statute it is not necessary to name the court which is to render judgment on the award.

2.  SAME—*Waiver of Right to Object to Misconduct of an Arbitrator.*—Where a party has notice of misconduct of an arbitrator, but instead of revoking the submission (as he may) goes on to a final hearing and finding by the arbitrators, he must be regarded as waiving his right to object.

3.  SAME—*Requisites of the Award.*—It is not necessary that arbitrators should expressly declare in their award that they have decided the matters submitted to them. It is sufficient if the facts appear from the contents of the award.

4.  AWARDS—*Disposes of All Matters Presented.*—The presumption is that an award disposes of all matters presented and includes nothing not submitted.

**Proceedings for Judgment**, on an award.   Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding.   Heard in this court at the October term, 1895.   Affirmed.   Opinion filed December 12, 1895.

CLARK & CLARK, attorneys for appellant.

TENNEY, McCONNELL & COFFEEN, attorneys for appellee, contended that arbitrators, by the submission, become judges by the choice of the parties both of the law and the fact, and from their decision there is no appeal, or review of any decision made by them within the scope of their powers, unless it be for fraud, partiality or misconduct.   Nor will a mistake of law or fact by the arbitrators be ground for setting aside an award.   Sherfy v. Graham, 72 Ill. 158.

The arbitrator is the final judge of all questions, both of law and fact.   Morse on Arbitration, 214; Pulliam v. Pensoneau, 33 Ill. 375.

He may disregard the strict principles of law and decide according to his views of what is right in the case.   Morse on Arbitration, 217; Boston Water Power Co. v. Gray, 6 Metc., 131; 1 Am. & Eng. Ency. of Law, 675.

An award, like the finding of a court, is presumed to embrace all matters submitted, and unless regularly impeached, is conclusive.   The arbitrators are presumed to have considered all the evidence.   Hadaway v. Kelley, 78 Ill. 286.

An award, being the judgment of a tribunal of the parties' own choosing, should be liberally construed to sustain it. Henderson v. Reinbeck, 33 Ill. 302; McMillan v. James, 105 Ill. 194.

An award should not be set aside on merely technical grounds not affecting the merits of the controversy.   Stere v. Brownell, 113 Ill. 415; Golder v. Mueller, 22 App. Ct., 527.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This is a proceeding for a judgment on an award of an arbitrator, a cross-motion to set aside the award having been

made. Section 16, of chapter 10, entitled "Arbitration," reads as follows:

" All persons having a requisite legal capacity may, by an instrument in writing, to be signed and sealed by them, submit to one or more arbitrators any controversy existing, not in suit, and may in such submission agree that a judgment of any court of record, competent to have jurisdiction of the subject-matter to be named in such instrument, shall be rendered upon the award made pursuant to such submission."

It is submitted on behalf of appellant, that the agreement of submission must name the court which is to render judgment on the award when made.

The agreement in this case follows the language of the statute. No reason is perceived why, in such an agreement, a particular court must be mentioned in which judgment may be rendered. The agreement is in this regard analogous to a power of attorney authorizing a confession of judgment. From time immemorial these have been in a general form, authorizing "any attorney of any court of record to appear in such court and confess judgment," etc. Yet it never has been doubted that this was sufficiently certain to authorize any court of competent jurisdiction to enter the judgment, although neither the attorney nor the court is specified by name.

The 11th section of the arbitration act is as follows: "Application to set aside, modify or amend such award, as provided in the two preceding sections, must be made before the entry of final judgment on such award; provided, nothing herein shall be so construed as to deprive courts of chancery of their jurisdiction, as in other cases."

Before the award was filed in court, for judgment thereon, a suit had been commenced by the appellant against the appellee to set aside the award in question. The bill in that case was filed January 29, 1895; summons issued in such cause on the same day, and such summons was served upon the appellee on the 1st day of February, 1895.

The bill of complaint in the chancery suit prays for an injunction to restrain the appellee from proceeding to enforce the award, until further order in the chancery suit, and also prays that the award in question be vacated and set aside.

It is insisted that, this having been done, the Superior Court erred in entering judgment upon the award. A sufficient answer to this contention is that the parties agreed that the motion of plaintiff for judgment, and the objections to the entry of judgment, and the cross-motion of the defendant to set aside the award, be heard and determined all together.

Morse, in his work on Arbitration and Award, page 534, says: " An arbitrator ought not even to talk with a party concerning the subject-matter of the submission while the award is still not made up. It is not in terms decided that any such conversation would actually vacate the award. It would probably depend upon the nature of the remarks made and all the circumstances of the particular case. But if it should amount to receiving an *ex parte* communication, there can be no doubt that it would constitute such misconduct as to vacate the award. Thus, if, after the parties have filed written statements of their respective claims, the arbitrators accept a further statement containing new matter from one of the parties without notice to the other, it is such misconduct and partiality as will vacate their award."

We find no sufficient evidence that the arbitrator selected by the parties was not a proper person to so act or failed to act fairly and impartially. Neither was there any such error in the admission or rejection of evidence as would warrant us in setting aside the judgment rendered by the Superior Court. It appears that during the course of the arbitration the arbitrator said to Kendall that he, the arbitrator, had made a brief trial balance in the books, and there was an error somewhere of $6.50, and asked said Kendall to find the error; that Kendall took the books home with him, and at the next sitting at the hearing of said case, he, Kendall, explained the error in Seaton's presence, stating that his,

Kendall's, personal account should be credited with the amount.

It is manifest that appellant, being well aware of the conversation between the arbitrator and appellee, instead of revoking the submission as he then might, went on to a final hearing and finding by the arbitrators.

We think that he can not be permitted thus to experiment with the tribunal he had agreed in creating, to occupy the position that he would rest content with its judgment if in his favor, while he held in reserve a complaint he would make if he was not satisfied with the decision.   His silence, after he became aware of what he now terms improper conduct, must be regarded as a waiver of such impropriety. Stampfoski v. Steffens, 79 Ill. 303.

It is urged that the award is not within the submission. The award and submission are as follows :

STATE OF ILLINOIS, ⎱ ss.
  County of Cook. ⎰

Before Gilbert G. Ogden, Arbitrator.

Ebenezer L. Kendall v. Elwyn D. Seaton.   Claim for sum due as share of partnership losses.

### AWARD.

To all to whom these presents shall come or may concern, be it known and published :

That I, Gilbert G. Ogden, arbitrator, to whom was submitted in writing, dated December 12, 1894, and signed and sealed by them, the matters in controversy existing and pending, but not in suit, between Ebenezer L. Kendall and Elwyn D. Seaton, in relation to their partnership under the name of Kendall & Seaton, organized in 1885, to manufacture barrel hoops at Green Bay, Wisconsin, wherein said Kendall claimed from said Seaton a sum due as Seaton's share of the losses in the business, do declare and publish that I, after being sworn as required by statute, to faithfully hear, examine and determine the said cause, according to the principles of equity and justice, and to make a just and true award according to the best of my understanding, and having appointed a

place and time for the hearing of said cause, and having given the said parties, respectively, notice of the time and place of such hearing, and having been attended by said parties and heard their allegations and proofs, and examined the matters in controversy in said cause, and being fully advised in relation thereto, do make and publish this, my award, in writing; that is to say, that there is due and owing to the said Ebenezer L. Kendall from the said Elwyn D. Seaton, the sum of one thousand four hundred and eighty-three dollars and thirty-nine cents ($1,483.39).

In witness thereof I have hereunto subscribed my name this 14th day of January, A. D. 1895.

GILBERT G. OGDEN.

The following is the submission:

Know all men by these presents: That, whereas, a controversy is now existing and pending, but not in suit, between us, the undersigned, in relation to our partnership under the name of Kendall & Seaton, organized in 1885, to manufacture barrel hoops at Green Bay, Wisconsin, wherein Kendall claims from Seaton a sum due as Seaton's share of the losses in the business, we, the undersigned, do hereby submit to Gilbert G. Ogden, as arbitrator, the said matter of controversy existing between us, and we do hereby further agree that a judgment of any court of record, competent to have jurisdiction of the subject-matter of said controversy, may be rendered upon the award made pursuant to this submission, in pursuance of the statute in such case made and provided.

Dated Chicago, Illinois, December 12, 1894.

EBENEZER L. KENDALL.   [SEAL.]
ELWYN D. SEATON.       [SEAL.]

The award does not appear to be beyond the submission. It is not necessary that arbitrators should expressly declare in an award that they have decided the matters submitted to them. It is sufficient if the facts appear from the contents of the award. Morse on Arbitration, 253.

Although many items of account or separate demands are submitted, an award of a sum in gross is sufficient.

The presumption is that the award disposes of all matters presented. The court always desires to uphold the award and will make every reasonable intendment and presumption in its favor; and the court will presume that it does not include matters not submitted. Morse on Arbitration, 265, 362, 365, 367; Byers v. Van Deusen, 5 Wend. 268; Caton v. MacTavish, 10 Gill & J. 192.

The award seems to be mutual and not to be extravagant. The judgment of the Superior Court is affirmed.