JEAN A. McCOY AND SONS, INC., Plaintiff-Appellee, *v.* La SALLE COUNTY, Defendant-Appellant.

Fourth District   No. 13631

Opinion filed May 23, 1977.

Frank X. Yackley, State's Attorney, of Ottawa (Joseph E. Lanuti, Assistant State's Attorney, of counsel), for appellant.

Strock & Hirst, of Pontiac (Ronald V. Hirst, of counsel), for appellee.

Mr. JUSTICE REARDON delivered the opinion of the court:

McCoy, Inc., entered into a contract with La Salle County, Illinois, to provide certain services necessary to the construction of a Criminal Justice Center. The contract provided that, in the event extra work not covered by the contract price was required, the contracting party could file a claim for extras and, if the claim was disallowed by the County, seek arbitration. The County refused to allow McCoy's claim for extras and an arbitration was called. The County appeals from a reversal of the arbitrator's award adverse to McCoy.

On April 4, 1975, the arbitrator held a hearing on the matter. In the early evening of the same day, an officer of McCoy entered a restaurant in Pontiac, Illinois, and found the arbitrator having a drink with members of the La Salle County Board and their witnesses at the arbitration hearing. The officer of McCoy's joined the party and shortly thereafter the arbitrator left. The opinion of the arbitrator was delivered on May 9, 1975, following the submission of briefs by both sides. It was not until the arbitrator's award against McCoy, Inc., was announced that McCoy, Inc., raised any objection to the meeting between the arbitrator and representatives of the County. At that time, the appellee moved in circuit court to overturn the decision of the arbitrator. The trial court did so and the County has appealed.

Section 12 of the Uniform Arbitration Act (Ill. Rev. Stat. 1975, ch. 10, par. 112) provides in pertinent part:

> "(a) Upon application of a party, the court shall vacate an award where: (1) The award was procured by corruption, fraud or other undue means; (2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any one of the arbitrators or misconduct prejudicing the rights of any party." (Ill. Rev. Stat. 1975, ch. 10, par. 112(a)(1)(2).)

Section 39 of the Construction Industry Arbitration Rules, made part of the arbitration agreement between the parties, provides that "there shall be no communication between the parties and an arbitrator other than at oral hearings."

There is no disagreement between the parties either that both provisions apply to the instant facts or that the conversation between the arbitrator and representatives of the County out of the presence of representatives of McCoy was improper. The only question is whether that impropriety was waived by the appellee so as to bar its relief in the circuit court.

In *Seaton v. Kendall* (1895), 61 Ill. App. 289, *aff'd on other grounds,* 171 Ill. 410, an arbitrator and a party to the arbitration had a conversation outside the presence of the other party. Although aware of the conversation, the other party went to a final hearing and allowed the arbitrator to announce his decision. The appellate court there held that the failure of the objecting party to state his objections prior to the time the arbitrator announced his decision constituted a waiver of the error occasioned by the conversation.

> "We think that he [the party objecting to the conversation held outside his presence] can not be permitted thus to experiment with the tribunal he had agreed in creating, to occupy the position that he would rest content with its judgment if in his favor, while he held in reserve a complaint he would make if he was not satisfied with the decision. His silence, after he became aware of what he now terms improper conduct, must be regarded as a waiver of such impropriety." (*Seaton,* 61 Ill. App. 289, 293.)

Accord, *Wechsler v. Gidwitz* (1928), 250 Ill. App. 136. See also Annot., 56 A.L.R.3d 697, 717 (1974).

In the instant case, the record reflects that an officer of McCoy knew of the arbitrator's misconduct on April 4, 1975. Yet, no mention of this misconduct was made until after the arbitrator's decision was handed down on May 9, 1975. Under the rule of *Seaton* and *Wechsler,* this plainly constitutes a waiver of the misconduct proscribed by section 12 of the Act. We note that similar provisions were in effect at the time both *Seaton* and *Wechsler* were decided, although neither opinion specifically refers to those provisions. See Rev. Stat. 1845, ch. 7, §§10-12, and 1917 Ill. Laws 202, §§11-13.

The judgment of the circuit court is reversed and the cause remanded with directions to reinstate the decision of the arbitrator.

Judgment reversed: remanded with directions.

CRAVEN, P. J., and HUNT, J., concur.