SAVILLE INTERNATIONAL, INC., Plaintiff-Appellee, *v.* GALANTI GROUP, INC., Defendant-Appellant.

First District (1st Division)    No. 81-2416

Opinion filed June 28, 1982.

Donald L. Johnson and Marty J. Schwartz, both of Chicago (Johnson & O'Brien, of counsel), for appellant.

Hamman, Benn & Miller, of Chicago (George W. Hamman, of counsel), for appellee.

JUSTICE GOLDBERG delivered the opinion of the court:

The parties, Saville International, Inc. (plaintiff), and Galanti Group, Inc. (defendant), submitted a contract dispute to arbitration. The contract involved development and manufacture by plaintiff of a prototype organ for mass production by defendant. Plaintiff claimed damages of $66,666 in overdue installment payments, and unspecified lost profits. The arbitration panel awarded plaintiff $66,666 and assessed arbitration fees

and expenses to be borne equally by the parties. The trial court vacated the assessment of fees and expenses but affirmed the damage award. Defendant appeals.

The pertinent facts appear from the transcript of the arbitration proceedings and also from a number of depositions authorized by the trial court. The deponents included the three arbitrators and an attorney who represented the defendants in the arbitration. The three arbitrators, all associated with the American Arbitration Association, are members of the bar. All of the depositions were taken for discovery only. (73 Ill. 2d R. 202.) Some of the depositions were signed and some were not. (73 Ill. 2d R. 207(a).) The depositions were filed by order of the trial court. Both sides have referred to the arbitration transcript and to these depositions. Defendant's contentions are centered upon alleged failure of the arbitrators to act impartially. In effect, defendant here claims simply that the award was procured by "undue means." Ill. Rev. Stat. 1981, ch. 10, par. 112.

■■ In this type of situation, "judicial review of an arbitrator's award [is] more limited than appellate review of a trial court's decision." (*Garver v. Ferguson* (1979), 76 Ill. 2d 1, 8, 389 N.E.2d 1181.) The "party who asserts that an arbitration award is invalid has the burden of proving such contention * * * by clear, strong and convincing evidence." (*Wilcox Co. v. Bouramas* (1979), 73 Ill. App. 3d 1046, 1052-53, 392 N.E.2d 198. See also *Pillott v. Allstate Insurance Co.* (1977), 48 Ill. App. 3d 1043, 1047, 363 N.E.2d 460.) To vacate an award based on partiality, "it is necessary to show a 'direct definite and demonstrable' interest, on the part of the arbitrator, in the outcome of the arbitration." (*Freeport Construction Co. v. Star Forge, Inc.* (1978), 61 Ill. App. 3d 999, 1003, 378 N.E.2d 558, and cases there cited.) The proof of partiality "must be direct, definite, and capable of demonstration rather than remote, uncertain, or speculative." *William B. Lucke, Inc. v. Spiegel* (1970), 131 Ill. App. 2d 532, 536, 266 N.E.2d 504.

Defendant contends one of the arbitrators told the parties their payment of fees to the American Arbitration Association would be considered as evidence of the merits of their case. The arbitrator allegedly stated in effect that the amount of fees paid by the parties could be directly proportioned to the merits of their claim. However, the record shows that the remarks in question were not made to counsel for defendant but were made directly to counsel for the plaintiff. We find no legal significance in this conversation.

Defendant urges an issue arose regarding fees of the arbitrators because the formal award directed that the fees and expenses of the American Arbitration Association should be paid by each party as assessed by the Association. Defendant argues the arbitration panel

exceeded its authority and therefore the award must be vacated. However, the trial judge properly held that the portion of the award allowing fees should be vacated, and the final judgment order expressly vacates the allowance of compensation to the arbitrators.

■■ It is the accepted law of Illinois that where arbitrators have exceeded their authority in one respect such as allowance of fees, their decision is unenforceable only to the extent that such authority was exceeded. (*Board of Education v. Champaign Education Association* (1973), 15 Ill. App. 3d 335, 340, 304 N.E.2d 138.) Thus, any defect claimed by defendant with reference to arbitration fees was cured by the order of the trial court.

Defendant states that at one point during the hearing, one of the arbitrators asked if the parties had considered settlement. The attorney for plaintiff stated his client had offered to settle but defendant had not replied. However, the arbitrator said that a party has the right not to settle any litigation. The arbitrator stated this discussion should be expunged from the record. We find no prejudice here.

■■ Defendant also contends that this same arbitrator asked a leading question of one of the witnesses which was prejudicial. We find no merit in this contention. An arbitrator or a trial judge should have the right to ask questions, or even leading questions if desired or necessary, for any reasonable purpose which includes obtaining of the truth or clarification of the issues. *People ex rel. Adams v. Sanes* (1968), 41 Ill. 2d 381, 386, 243 N.E.2d 233, *cert. denied* (1969), 395 U.S. 910, 23 L. Ed. 2d 223, 89 S. Ct. 1752.

Finally defendant urges that the arbitrators obtained prejudicial evidence off the record and outside of the hearing. Prior to the commencement of a hearing, the same arbitrator asked an expert witness for plaintiff about the quality of organs for home use. The arbitrator told the expert that he wished to purchase a "classic organ." The arbitrator testified he was under the impression that plaintiff made only theater organs. This was before commencement of the hearing on that day and only two of the arbitrators were present. The court reporter and counsel for both sides were present at the time. The witness stated that his opinion may have been biased but he thought plaintiff manufactured a good organ. The arbitrator then stated the conversation should be dropped. The attorney for defendant suggested that perhaps this conversation should go into the record. The arbitrator stated the attorney could do so if he wished. The conversation was not in the record but it was the subject of testimony in the depositions.

Defendant cites *Moshier v. Shear* (1881), 102 Ill. 169, and *McCoy & Sons, Inc. v. LaSalle County* (1977), 48 Ill. App. 3d 802, 363 N.E.2d 442, and urges the arbitrator was guilty of misconduct which requires vacation

of the award. In *Moshier*, the court found an arbitrator's discussion with a former hearing officer was misconduct which required vacation of the award. The court compared an arbitrator to a juror. "It [is] gross misconduct for either to seek evidence or the opinions of others in regard to the case, or anything material to its decision in another mode." (102 Ill. 169, 173.) In the case at bar, the question posed by the arbitrator did not involve the case at issue, the contract between the parties, or even the organ involved in the litigation. Under no circumstances can this brief inquiry be considered to indicate a presumed bias of the arbitrator.

In *McCoy*, one of the parties to an arbitration noticed representatives and witnesses of the other party having drinks with one of the arbitrators in a restaurant, shortly after the day's hearings had concluded. He joined the group and the arbitrator left shortly thereafter. This court there noted that the parties had agreed it was improper for the arbitrator to commence discussions with representatives of a party to the arbitration "out of the presence" of the other party. (*McCoy & Sons, Inc. v. La Salle County* (1977), 48 Ill. App. 3d 802, 803.) In the case at bar, any allegedly improper discussions were held in the hearing room and in the presence of defendant's counsel. Therefore, there was no possibility of evidence being adduced without the knowledge of defendant.

The situation in this case points up an important aspect of the flexibility of the common law in bringing about a modernized outlook. Defendant relies strongly upon *Moshier.* When that case was decided, slightly more than a century ago, there was a goodly degree of antipathy in the attitude of courts in general to the process of arbitration. Many practicing lawyers have heard the statement made that arbitration was simply an attempt to oust the courts from their rightful jurisdiction. Thus, when *Moshier* was decided, the courts looked upon an arbitrator as exercising a legal function similar to the work of a juror. However, perhaps in part because of the massive expansion of litigation of all types, the judicial attitude has become modified as exemplified by the modern cases such as *Garver, Wilcox Co., Freeport Construction Co., Pillott* and *William B. Lucke, Inc.,* cited above. The effect of this modernized thinking has been to make the status of the arbitrator virtually equivalent to that of a judge. This is exemplified by the requirement above described of direct, definite and certain evidence in proving partiality of an arbitrator.

The development of arbitration is further demonstrated by the increase in the number of American jurisdictions in which the Uniform Arbitration Act has been adopted. Compare Ill. Ann. Stat., ch. 10, at 400 (Smith-Hurd 1975), to Ill. Ann. Stat., ch. 10, at 82-83 (Smith-Hurd Cum. Supp. 1981-82).

We do not mean by this statement to suggest in any manner that each

person participating in arbitration should not receive an absolutely fair and impartial hearing. We merely point out that the standard of determining whether this requirement has been observed is far different at the present time from what it was 100 years ago.

■■ Our examination of the entire record has convinced us that defendant received a fair and impartial hearing in the arbitration proceedings. We find no strong and convincing evidence of prejudice or misconduct by the arbitrators. We find no evidence which can conceivably be interpreted as showing any definite and direct interest in the outcome of the proceedings by any of the arbitrators.

The judgment appealed from is affirmed.

McGLOON and O'CONNOR, JJ., concur.