ALLIED AMERICAN INSURANCE COMPANY, Petitioner and Counter-respondent-Appellee, v. FRADER CULP, Respondent and Counterpetitioner-Appellant.

First District (2nd Division)  No. 1—91—3846

Opinion filed February 23, 1993.

Sachs, Earnest & Associates, Ltd., of Chicago (Gregory R. Sun, of counsel), for appellant.

Moss & Hillison, of Chicago (Alexandria Demos-Kardasis, of counsel), for appellee.

JUSTICE DiVITO delivered the opinion of the court:

Following an accident with an uninsured motorist, respondent Frader Culp (Culp) filed a demand for arbitration with the American Arbitration Association (AAA) pursuant to his automobile insurance policy with petitioner Allied American Insurance Company (Allied). An arbitrator ruled against Allied and awarded Culp $15,000. Allied then filed an application to vacate the arbitration award in the circuit court alleging that the arbitrator failed to employ the rules of evidence applicable to court proceedings, as required by the policy. The court granted the motion and vacated the award. Culp appeals, seeking a reversal of the circuit court's ruling and reinstatement of the arbitrator's award.

Pursuant to the uninsured motorist provision in Culp's automobile liability insurance policy, an arbitration hearing was scheduled for October 30, 1990. Immediately before the start of the hearing, Allied's counsel asked the arbitrator if he would follow the rules of evidence as applied in the circuit court of Cook County as required by the policy. The arbitrator responded that because AAA rules stated that conformity with the formal rules of evidence was not necessary, he would not conduct the hearing according to those rules. Following a short discussion with the arbitrator, Allied's attorney left the hearing, taking the court reporter with him. The arbitrator conducted the hearing anyway, and on November 13, 1990, entered the award in favor of Culp.

On January 24, 1991, Allied filed a petition in the circuit court to vacate the award pursuant to section 12(a)(3) of the Uniform Arbitration Act. (Ill. Rev. Stat. 1989, ch. 10, par. 112(a)(3).) The petition alleged that the arbitrator exceeded his authority under the arbitration agreement (the insurance policy) when he refused to follow the rules of evidence. Culp did not respond to the petition and, at a hearing on May 15, 1991, his attorney argued that he had not been properly served. The court, however, deemed the appearance a general appearance and vacated the arbitration award and remanded the case for a new arbitration where the rules of evidence applicable to circuit courts would be applied.

Culp filed a motion to reconsider and a counterpetition to confirm the arbitration award. He asserted that Allied failed to meet its burden of proof that the arbitrator exceeded his authority because it presented no proof that any evidence was admitted which would not have been admissible under the rules of evidence. On October 31, 1991, the circuit court held a hearing and denied the motion. Thereafter, Culp filed a timely notice of appeal.

■ Allied first contends that this appeal must be dismissed because the circuit court's order to remand the matter for a new arbitration is not final and appealable under Supreme Court Rule 301 (134 Ill. 2d R. 301). Allied claims that since the court's order was essentially an order granting a new trial, it may not be appealed pursuant to Rule 301. We agree. When a court orders "a new trial or other further proceedings involving disputed questions of law or fact," the order is considered interlocutory rather than final and therefore is not subject to review. (*Cory Corp. v. Fitzgerald* (1949), 403 Ill. 409, 414-15, 86 N.E.2d 363, 366.) Here, the circuit court remanded the case for an entirely new arbitration. We believe that the order was interlocutory, and we therefore do not have jurisdiction pursuant to Rule 301.

■ However, Supreme Court Rule 306 provides an exception to the general rule that such orders are not appealable. (134 Ill. 2d R. 306(a)(1)(i); *In re Marriage of Granger* (1990), 197 Ill. App. 3d 363, 373, 554 N.E.2d 586, 592, *appeal denied* (1990), 133 Ill. 2d 555, 561 N.E.2d 691.) Under Rule 306(a)(1)(i), appellate review of an order granting a new trial may be obtained by petitioning the appellate court for leave to appeal. The petition will be granted if it presents grounds which are reasonably debatable and fairly challenge the propriety of the order (*Keen v. Davis* (1969), 108 Ill. App. 2d 55, 58-59, 246 N.E.2d 467, 469), or if it clearly demonstrates that the circuit court abused its discretion by ordering the new trial. (*Baker v. Norfolk & Western Ry. Co.* (1970), 120 Ill. App. 2d 296, 313, 256 N.E.2d 887, 896.) We believe that Culp has presented grounds which fairly challenge the propriety of the order and clearly demonstrate that the circuit court abused its discretion, and therefore will treat Culp's notice of appeal as if it were a petition for leave to appeal. See *In re Custody of Purdy* (1986), 112 Ill. 2d 1, 4, 490 N.E.2d 1278, 1279 (noting that "in order to resolve the [matter] as quickly and economically as possible," the appellate court should have considered the propriety of a custody order under Rule 306(a)(1)(v) rather than dismissing it as not final and appealable); see also *Kemner v. Monsanto Co.* (1986), 112 Ill. 2d 223, 239, 492 N.E.2d 1327, 1334 (holding that "[t]he char-

acter of a pleading is to be determined more from its content than from its label").

Furthermore, we grant the petition at this time because we believe similar interests in judicial economy exist in arbitration cases as in custody cases. (See *Board of Trustees of Community College District No. 508 v. Cook County College Teachers Union, Local 1600* (1981), 102 Ill. App. 3d 681, 683, 430 N.E.2d 249, 251 (noting that the object of arbitration is to resolve disputes "in an easier, more expeditious and less expensive manner" than litigation).) We consider it appropriate to review the circuit court's action at this time rather than after a new arbitration hearing has taken place because we believe that little can be achieved by sending this matter to yet another forum. (See *Hamilton v. Williams* (1991), 214 Ill. App. 3d 230, 232, 573 N.E.2d 1276, 1277-78, *appeal denied* (1991), 141 Ill. 2d 540, 580 N.E.2d 114 (lamenting the fact that an arbitration case had already reached its fifth forum).) Accordingly, we conclude that our jurisdiction is proper pursuant to Supreme Court Rule 306(a)(1)(i).

Culp contends that the record before the circuit court was insufficient to support the vacatur of the arbitration award. He argues that Allied failed to satisfy its burden of proof because it neglected to provide a copy of the insurance policy either to the arbitrator or to the circuit court, and that it never demonstrated that it was prejudiced by any of the arbitrator's evidentiary rulings. Allied responds that because Culp never denied that the policy required the application of the rules of evidence, the circuit court properly ruled that the hearing was conducted in violation of the policy. Allied also asserts that it was not required to prove either that the AAA rules of evidence differed from the rules applicable in the circuit court or that any prejudicial evidence was admitted, because the arbitrator's decision not to apply the appropriate rules was "in and of itself an act" which exceeded his powers.

■ Although judicial review of a commercial arbitrator's ruling is available, it is more limited than an appellate court's review of a trial court's ruling. (*Rauh v. Rockford Products Corp.* (1991), 143 Ill. 2d 377, 386, 574 N.E.2d 636, 641 (recognizing the presumption that the arbitrator did not exceed his authority); *Garver v. Ferguson* (1979), 76 Ill. 2d 1, 8, 389 N.E.2d 1181, 1183.) Arbitration is intended to serve as a means of avoiding lengthy litigation, and to allow courts to substitute their judgment for that of the arbitrator " 'would make an award the commencement, not the end, of litigation.' " (*Garver*, 76 Ill. 2d at 9, 389 N.E.2d at 1184, quoting *Burchell v. Marsh* (1854), 58 U.S. (17 How.) 344, 349, 15 L. Ed. 96, 99.) Consequently, a party

seeking to vacate an arbitration award must provide clear, strong, and convincing evidence that the arbitrator exceeded his authority. (*Saville International, Inc. v. Galanti Group, Inc.* (1982), 107 Ill. App. 3d 799, 800, 438 N.E.2d 509, 511; *American Invsco Realty, Inc. v. Century 21, Rohter & Co.* (1981), 96 Ill. App. 3d 56, 59, 420 N.E.2d 692, 695.) Furthermore, a petitioner must demonstrate to the court that he has been prejudiced as a result of the arbitrator's actions. See *Kalish v. Illinois Education Association* (1988), 166 Ill. App. 3d 406, 410-11, 519 N.E.2d 1031, 1032 (affirming the award and dismissing the petitioner's contentions as speculative when no evidence of the arbitrator's bias was presented); *Saville*, 107 Ill. App. 3d at 801, 438 N.E.2d at 511 (finding no prejudice where the arbitrator utilized leading questions and asked the parties if they had tried to settle).

In the instant case, Allied failed to provide the circuit court with either a copy of the insurance policy or a record of what occurred before the arbitrator. Accordingly, because there was nothing before the circuit court to support Allied's contentions that the arbitrator exceeded his authority, the court should have assumed that no error occurred and affirmed the award. See *Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 392, 459 N.E.2d 958, 959 (holding that in the absence of a sufficient record, a reviewing court must presume that no error occurred).

Moreover, Allied is unable to demonstrate how it has been prejudiced. It merely alleges that the arbitrator improperly refused to apply the appropriate rules of evidence. We do not agree that the arbitrator's mere statement was sufficient to establish that he exceeded his authority. Allied's nonparticipation in the arbitration and its inability to indicate specific rulings inconsistent with the appropriate rules of evidence and prejudicial to its case renders its position here untenable.

By voluntarily withdrawing from the hearing, Allied lost the opportunity to present its contentions and arguments to the arbitrator; it did so at its own peril and its ability to present a proper record to the circuit court was lost because of its own actions. See *Ramonas v. Kerelis* (1968), 102 Ill. App. 2d 262, 273, 243 N.E.2d 711, 717 (holding that an arbitration award may be enforced against a party who refused to appear because he challenged the jurisdiction of the arbitrator).

Allied contends that if this court fails to require the arbitrator to follow the appropriate rules of evidence, its constitutional right to freely contract will be deprived without due process of law. Allied argues that because the policy provision is neither unlawful nor con-

trary to public policy, it must be enforced. (*Smiley v. Estate of Toney* (1968), 100 Ill. App. 2d 271, 278, 241 N.E.2d 116, *aff'd* (1969), 44 Ill. 2d 127, 254 N.E.2d 440.) Nevertheless, because Allied has been unable to demonstrate that the arbitrator did not follow the appropriate rules of evidence, there is no basis for us to rule that its rights have been violated. We reiterate that the arbitrator's mere indication that he would not follow the rules did not justify Allied's abandonment of the hearing.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the arbitrator's award is reinstated.

Reversed; award reinstated.

McCORMICK, P.J., and SCARIANO, J., concur.