RAYMOND RICHTER *et al.*, Plaintiffs-Appellants, v. WESTERN STATES INSURANCE COMPANY, Defendant-Appellee.

Fifth District    No. 5—93—0514

Opinion filed June 28, 1994.

Margaret J. Walsh, of Belleville, for appellants.

Heyl, Royster, Voelker & Allen, of Peoria (Karen L. Kendall, Bradley S. McMillan, and Duncan B. Cooper III, of counsel), for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Raymond Richter, Connie Richter, Dominic Messi, and Linda Messi, d/b/a Connie's Boutique (plaintiffs), brought an action against Western States Insurance Company (defendant) for breach of a commercial insurance contract and vexatious refusal to pay. The trial court dismissed plaintiffs' action with prejudice. We affirm.

Plaintiffs suffered a fire loss at Connie's Boutique. The parties were unable to agree on the amount of the loss. Plaintiff filed suit, and defendant filed a motion to dismiss and a motion to compel an appraisal, based on a policy provision:

> "If the named insured and the Company fail to agree on the amount of the loss, either can demand that the amount of loss be set by appraisal. If either party makes a written demand for appraisal, each shall select a competent independent appraiser. Each shall notify the other of the selected appraiser's identity within twenty (20) days of receipt of the written demand.
>
> The two appraisers shall select a competent impartial umpire. If the appraisers are unable to agree upon an umpire within fifteen (15) days, the name insured or the Company may petition a judge of a Court of Record in the state where the insured premises is located to select an umpire.
>
> The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to the Company, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreements signed by any two of these shall set the amount of loss."

Each party selected an appraiser and filed a motion for the appointment of an impartial umpire. The appraisers and the judicially appointed umpire reviewed plaintiffs' claim and set the amount of loss at $11,368.90. Plaintiffs requested a rehearing of the appraisal award and asked for seasonal inventory losses to be included in the appraisal. The rehearing resulted in no change to the amount of loss because the umpire and the defendant's appraiser concluded that the policy did not cover seasonal inventory losses. At the hearing on defendant's motion to dismiss, the trial court concluded that the appraisal process was conducted properly and the appraisers did not exceed their authority; therefore, the trial court found that arbitration was binding and dismissed the complaint with prejudice.

Plaintiffs argue that the trial court erred in dismissing the complaint because the umpire exceeded his authority by interpreting policy coverage. Plaintiffs contend that the appraisers and the umpire were not authorized to determine policy coverage and, therefore, were not justified in eliminating seasonal inventory losses from the determination of the amount of plaintiffs' loss.

A party seeking to vacate an arbitration award must provide clear, strong, and convincing proof that the arbitrator exceeded his or her authority. (*Allied American Insurance Co. v. Culp* (1993), 243 Ill. App. 3d 490, 612 N.E.2d 41.) *Rauh v. Rockford Products Corp.* (1991), 143 Ill. 2d 377, 574 N.E.2d 636, held that Illinois courts should vacate an arbitrator's award as exceeding contractual authority only if reasonable people would agree that the arbitrator's construction of the contract was impossible under a fair interpretation of the contract.

Plaintiffs argue that appraisers and umpires exceed their authority when they make a determination on issues not specifically made subject to the appraisal process in the insurance contract. Plaintiffs contend that the appraisers exceeded the scope of their authority granted them by the insurance contract when they interpreted the policy as not providing coverage for plaintiffs' seasonal rate losses. Specifically, plaintiffs urge that the timing of the fire precluded them from being able to purchase clothing from their suppliers to restore their inventory at reduced or seasonal rates. The arbitrators refused to allow compensation for money lost as a result of the higher cost of replacing inventory. Plaintiffs argue that the policy limited the arbitrators to deciding the amount of loss, rather than determining which losses were covered under the policy.

We do not believe that the appraisers and the umpire exceeded their authority by interpreting a coverage provision. In the absence of an express reservation to the contrary, it is presumed that the parties to an arbitration proceeding intended that all matters in dispute be decided by the arbitrator. (*Wilcox Co. v. Bouramas* (1979), 73 Ill. App. 3d 1046, 392 N.E.2d 198.) The parties submitted the entire fire-loss dispute to the arbitrators to determine the appropriate award. No express reservations regarding the arbitrators' authority to determine the extent of the fire loss were contained in any agreement between the parties. Consequently, we conclude that the trial court correctly held that it must be presumed that the parties intended that all matters in the evaluation dispute be decided through the appraisal process.

Plaintiffs have failed to prove by clear and convincing evidence that the appraisers and umpire exceeded their authority in determin-

ing the amount of plaintiffs' loss. We, therefore, affirm the decision of the trial court and dismiss the complaint with prejudice.

Affirmed.

LEWIS, P.J., and WELCH, J., concur.