NEIL SALSITZ *et al.*, Plaintiffs-Appellants, v. FRITZ KREISS *et al.*, Defendants-Appellees.

First District (4th Division)    Nos. 1—99—0690, 1—99—0779 cons.

Opinion filed February 3, 2000, *nunc pro tunc* December 2, 1999.—Rehearing denied January 7, 2000.

Joel H. Greenburg and Alan O. Amos, both of Chicago, for appellants.

Anthony E. Blumberg, of Chicago, for appellees.

JUSTICE SOUTH delivered the opinion of the court:

Plaintiffs, Neil Salsitz, Biagio D'Ugo and New Horizons Productions, Ltd. (New Horizons), seek review of a trial court ruling confirming an arbitration award in favor of defendants Fritz Kreiss and Alternative Utility Services of IL, Inc. (AUS).

On March 9, 1994, D'Ugo, Salsitz and Kreiss entered into a business venture. They executed a letter of understanding and an addendum to the letter of understanding, a stock incentive option program. The addendum contained a clause whereby the parties agreed to arbitrate disputes arising between them pursuant to the rules of the American Arbitration Association (AAA). Plaintiffs agreed to invest $6,500 each in Kreiss' business.

On June 17, 1994, plaintiffs requested the return of their investment. Kreiss returned D'Ugo's and Salsitz's original investments. Plaintiffs sought additional money for expenses and filed suit in the third municipal district of Cook County. In that case, plaintiffs sued for breach of contract, and each plaintiff pled a count of fraud arising out of the contractual relationship between the parties. Defendants moved to dismiss the municipal court action based upon the presence of the arbitration clause in the contract. Plaintiffs filed a response denying that they agreed to arbitrate such claims, arguing that there was no agreement to arbitrate since the arbitration clause was in a separate portion of the contract from that which was at issue. Plaintiffs further argued that the contract had been rescinded.

The trial court ordered the civil action stayed and directed that the arbitrator determine whether particular matters were arbitrable. Plaintiffs did not pursue arbitration. However, defendants filed their own demand for arbitration on November 16, 1995. In their demand for arbitration, defendants sought an injunction preventing plaintiffs from unfairly competing with AUS; monetary damages for plaintiffs' violation of the Illinois Trade Secrets Act (765 ILCS 1065/4(a) *et seq.*

(West 1992)); damages for tortious interference with defendants' existing contracts; tortious interference with defendants' prospective business relations; breach of contract; and breach of fiduciary duty. On the next day, plaintiffs nonsuited the third municipal district action.

An arbitrator was selected, a preliminary hearing was conducted on September 10, 1996, and arbitration hearings occurred thereafter on December 11, 1996, January 30, 1997, March 26, 1997, April 10, 1997, and June 16, 1997. Another hearing was set for August 19, 1997.

On August 8, 1997, before the next hearing, plaintiffs filed an action in chancery seeking to prohibit the completion of the arbitration through injunction and, in count II, declaring the arbitration clause invalid or nonbinding. Plaintiffs also filed an emergency motion for a temporary restraining order, which was denied as not constituting an emergency; a motion for injunctive relief, which was denied; and an amended motion for injunctive relief, which was denied. The arbitration proceeded.

The parties were notified by the arbitrator that the final arbitration hearings would be held on December 10 and 11, 1997. Plaintiffs did not appear for those hearings, and the arbitration was completed. On December 11, 1997, the arbitrator declared the hearings closed, and notice of this declaration was issued by the AAA on December 24, 1997. This notice also stated that the arbitrator would issue an award within 30 days. No motions to reopen the hearings were ever filed by plaintiffs. On January 10, 1998, thirty days after the close of hearings, an award was entered in favor of defendants and issued to all parties.

On June 12, 1998, plaintiffs' chancery complaint was amended to include a third count seeking to vacate the arbitration award pursuant to section 12 of the Uniform Arbitration Act (710 ILCS 5/12 (West 1996)). In support of this count, plaintiffs pled the presence of undue means, citing *ex parte* communications with the arbitrator. Plaintiffs also alleged in count III that the final arbitration hearing proceeded without them, that they were, therefore, unable to present evidence on their own behalf, and that they were unaware of the hearing date due to the failure of their lawyers to notify them that they (the lawyers) would not attend the hearing.

The final order of the chancery court was entered dismissing the verified amended complaint and confirming the arbitrator's compensatory damage award but rejecting the punitive damages award.

Defendants filed a motion to dismiss, which we have taken with this appeal. They argue there are no issues to appeal because the appeal is, in part, untimely under Supreme Court Rule 307(a)(1) (155 Ill. 2d R. 307(a)(1)), and the remaining issues concerning undue influence

and procedural and evidentiary defects have been waived as a matter of law. We grant defendants' motion as to the issue of arbitrability but deny the motion as to the remaining issues.

■ The law is well established that an order of the circuit court granting or denying a motion to compel arbitration and stay court proceedings is an appealable order. *Robert A. Besner & Co. v. Lit America, Inc.*, 214 Ill. App. 3d 619, 622, 574 N.E.2d 703, 705 (1991). Under Supreme Court Rule 307 (155 Ill. 2d R. 307(a)(1)), an order of the circuit court granting a motion to stay arbitration and commence or continue court proceedings is immediately appealable. Orders staying or compelling arbitration are injunctive in nature and subject to this rule. *Besner*, 214 Ill. App. 3d at 623, 574 N.E.2d at 705. Under this rule, "the appeal must be perfected within 30 days from the entry of the interlocutory order by filing a *** 'Notice of Interlocutory Appeal.' " 155 Ill. 2d R. 307(a).

■ Upon review of the record, we find that the issue as to whether this matter is subject to arbitration must be dismissed because this court lacks jurisdiction. Plaintiffs filed a motion to stay arbitration in this case, which was denied on August 19, 1997. No appeal was taken from this order within 30 days. Thus, those matters have become the law of the case (*Hwang v. Tyler*, 253 Ill. App. 3d 43, 625 N.E.2d 243 (1993)), and this court lacks jurisdiction over the issue as to whether the matter was properly the subject of arbitration.

Plaintiffs argue that there is a split of authority as to whether Rule 307 requires that an interlocutory order to compel or stay an arbitration must be appealed, if at all, within 30 days of the order. The first district holds that appellate rights are lost if a Rule 307 order is not appealed within 30 days. *Besner*, 214 Ill. App. 3d at 623, 574 N.E.2d at 705. However, the second district holds that an appeal from such an order may await a final order disposing of all issues in the case. *Anderson v. Financial Matters, Inc.*, 285 Ill. App. 3d 123, 135, 672 N.E.2d 1261, 1269-70 (1996). Since *Anderson* departs from the ruling in *Besner* and the cases that have followed its holding, we decline to follow *Anderson*.

■ Plaintiffs next argue that the arbitration award should be vacated due to the fundamental unfairness of the arbitrator's decision to continue the hearings without plaintiffs' presence and to close these hearings after the December 10, 1997, hearing, in violation of the Uniform Arbitration Act.

The arbitration clause in the addendum to the letter of understanding states:

"9. ARBITRATION: In the event there are any claims or disputes between PARTIES hereto, such claims or disputes shall be submit-

ted by the PARTIES for resolution and binding arbitration within Lake County, IL, in accordance with the rules of the American Arbitration Association as in effect under IL law."

The agreement to arbitrate determined that the parties agreed that the AAA rules would apply rather than the procedures set forth in the Uniform Arbitration Act (the Act). Under Rule 30 of the AAA, under certain circumstances the arbitrator may elect to proceed with the hearing in the absence of any party or representative. Rule 30 states:

"30. Arbitration in the Absence of a Party or Representative. Unless the law provides to the contrary, the arbitrator may proceed in the absence of any party or representative who, after due notice, fails to obtain a postponement. An award shall not be made solely on the default of a party. The arbitrator shall require the party who is present to submit such evidence as the arbitrator may require for the making of an award."

Plaintiffs suggest that the hearings were unfair because the arbitrator conducted the December 10, 1997, hearing in their absence without calling to inquire as to why they were absent. However, nothing in the AAA rules and specifically Rule 30 requires the arbitrator to make such an inquiry.

In Salsitz's affidavit regarding notice of the arbitration hearings, he states he received a call on the evening of December 9, 1997, from his bankruptcy attorney that she had received notice of an arbitration hearing scheduled for the next day. She advised him that since she was not the attorney of record in the arbitration proceeding, she would not appear. Salsitz stated that that was the first notice he had of the pending hearing. He then called his attorney at Bell, Boyd & Lloyd but was unable to reach him. He left a voice message concerning the arbitration hearing the next day. Without hearing from his attorney, he assumed he would be represented the next day at that hearing and did not attend because no one from Bell, Boyd & Lloyd informed him to do otherwise.

At the hearing on December 10, 1997, neither plaintiffs nor their attorney appeared. Defendants' attorney called Bell, Boyd & Lloyd and spoke with an associate who was familiar with and had worked on the case. He was advised "that Bell, Boyd & Lloyd no longer represented any of the parties in the arbitration proceedings, and that no one from the firm would be present." Plaintiffs suggest to this court that in light of this inquiry by defense counsel and representation of same to the arbitrator, the arbitrator should have called to inquire as to their absence. The AAA rules do not require the arbitrator to duplicate the actions of defense counsel by making his own inquiries.

Under Rule 36 of the AAA rules, "the hearing may be reopened on the arbitrator's initiative, or upon application of a party, at any time before the award is made." While plaintiffs received notice that the hearing had occurred, they never made application to reopen the hearings.

■ Plaintiffs contend that the award should be vacated inasmuch as the letter of understanding was rescinded by the parties as evidenced by the return of plaintiffs' original investment, thus restoring the parties to the status quo *ante*. Defendants reply that the evidence shows that there was no rescission because while plaintiffs' investment was returned, they still retained confidential knowledge of defendants' company which they had commenced using for their own purposes. We agree with defendants.

Plaintiffs sued defendants for breach of contract, which they now assert was mutually rescinded. Apparently at the time of the third municipal district suit, plaintiffs did not perceive the contract as being mutually rescinded. Generally, a contract may be rescinded only where the court is able to place each side in the status quo *ante*, *i.e.*, the status before the contract. *Lempa v. Finkel*, 278 Ill. App. 3d 417, 426, 663 N.E.2d 158, 165 (1996). Defendants' return of plaintiffs' original investment did not place each side in status quo *ante*, and, thus, the contract was not rescinded.

■ Plaintiffs also claim they were entitled to a hearing on their amended verified complaints. The law is clear that, in considering a motion to dismiss, the trial court must accept as true all well-pleaded facts in the portion of the complaint being attacked. *Doe v. Surgicare of Joliet, Inc.*, 268 Ill. App. 3d 793, 795, 643 N.E.2d 1200, 1202 (1994). Therefore, there was no need for the trial court to conduct an evidentiary hearing on the allegations in the verified complaint.

■ As to plaintiffs' argument of undue influence or bias of the arbitrator, this argument is waived. Whenever possible, a court must construe an arbitration award so as to uphold its validity. *Edward Electric Co. v. Automation, Inc.*, 229 Ill. App. 3d 89, 96-97, 593 N.E.2d 833, 837 (1992). All reasonable presumptions are to be indulged in favor of arbitration awards. *Drinane v. State Farm Mutual Automobile Insurance Co.*, 153 Ill. 2d 207, 211, 606 N.E.2d 1181, 1183 (1992). When a party intentionally relinquishes a known right, either expressly, as by objection, or by conduct such as silence, inconsistent with an intent to enforce that right, waiver may be inferred. *Hahn v. A.G. Becker Paribas, Inc.*, 164 Ill. App. 3d 660, 670, 518 N.E.2d 218, 225 (1987). Undue means are waived if not timely raised. *Jean A. McCoy & Sons, Inc. v. La Salle County*, 48 Ill. App. 3d 802, 363 N.E.2d 442 (1977).

Plaintiffs complain of *ex parte* communications they had with the arbitrator which they concealed for over a year and a half. It was not until after the arbitrator rendered his decision, which was adverse to plaintiffs, that they revealed these communications. As the court in *McCoy* held:

> " 'We think that [a party] can not be permitted thus to experiment with the tribunal he had agreed in creating, to occupy the position that he would rest content with its judgment if in his favor, while he held in reserve a complaint he would make if he was not satisfied with the decision. His silence, after he became aware of what he now terms improper conduct, must be regarded as a waiver of such impropriety. [*Seaton v. Kendall*, 61 Ill. App. 289, 293 (1895)].' " *McCoy*, 48 Ill. App. 3d at 804, 363 N.E.2d at 443.

Plaintiffs cite to *Hahn* to show that when an award is procured by undue means, it shall be vacated. However, in *Hahn*, the arbitrators requested information concerning attorney fees from Hahn's attorneys and specifically instructed their staff attorney not to notify Becker of the request. The arbitrators then decided in favor of Hahn and assessed legal fees against Becker, exceeding their authority. The award was vacated because of the clearly improper *ex parte* communications between the arbitration panel and the opposing party. Here, plaintiffs were, quite obviously, aware of these *ex parte* communications but remained silent until the arbitrator rendered a decision adverse to them. For this reason, we find the issue waived.

Based upon the foregoing, defendants' motion to dismiss the appeal is granted in part and denied in part and the judgment of the circuit court is affirmed.

Affirmed.

HOURIHANE[1] and HALL, JJ., concur.

---

[1]The court has allowed publication and the content has not been changed.