RONALD KLATZ, Petitioner-Appellee and Counterrespondent-Appellee, v. WESTERN STATES INSURANCE COMPANY, Respondent-Appellant and Counterpetitioner-Appellant.

First District (4th Division)    No. 1—97—3448

Opinion filed August 13, 1998.

Daniel G. Suber and Jason R. Schulze, both of Daniel G. Suber & Associates, of Chicago, for appellant.

Anthony G. Barone and Nick Kanellopoulos, both of Anthony G. Barone & Associates, of Naperville, for appellee.

JUSTICE SOUTH delivered the opinion of the court:

This appeal is brought by respondent-appellant, Western States Insurance Company (Western States), from the trial court's order vacating an arbitration decision rendered by a majority of arbitrators. Western States and petitioner-appellee, Ronald Klatz, D.O., had arbitrated Klatz's claim for uninsured motorist benefits, resulting in an award in favor of Western States. The trial court vacated the award and remanded the matter to be rearbitrated, with the court also requiring that a court reporter be present at the second arbitration hearing. Western States brought a petition for leave to appeal pursuant to Supreme Court Rule 306 (155 Ill. 2d R. 306), which was granted by this court. Western States now appeals the trial court's ruling vacating the arbitration award and remanding the matter for another arbitration.

In 1994, Klatz filed a two-count declaratory judgment action in the circuit court of Cook County. In count I of his claim, Klatz alleged that Western States refused to comply with its contractual obligation to arbitrate its disagreement with Klatz concerning payment of compensatory damages pursuant to the Western States policy. In count II of his claim, Klatz alleged that he was entitled to the full amount of damages under the Western States policy because he was not receiving any sums that would be considered offsets under the policy.

Western States filed a counterclaim and then subsequently a three-count amended counterclaim for declaratory relief. In count I of its amended counterclaim, Western States sought to evade its coverage obligations by alleging that there was no contact between Klatz and the other vehicle so that there was no coverage under the Western States policy. In counts II and III of its amended counterclaim, Western States sought to evade its coverage obligations by alleging that it was entitled to claim a setoff for any recovery by Klatz from other disability policies or other "legally responsible sources." Counts II and III of Western States' amended counterclaim were disposed of by the court by motions for summary judgment granted in favor of Klatz on July 19, 1995.

A trial was held in January 1996 on the issue of contact between Klatz and the other vehicle. The trial lasted six days, and the court heard testimony from six witnesses. Klatz and a chemist testified on behalf of the appellee. An accident reconstructionist and three chemists testified on behalf of Western States. The court heard testimony from Klatz that he was traveling northbound in the northbound lane of Kingsbury Street in Chicago and was struck by a van or truck traveling southbound, when the van or truck crossed over into Klatz's lane, forcing him to take evasive action which resulted in his leaving the roadway, striking a light pole and hitting a brick wall.

After hearing the evidence, the court found that Klatz proved by a preponderance of the evidence that there was actual physical contact between the vehicle he was driving and the unidentified vehicle. Therefore, the court found that Klatz proved that he was entitled to coverage under the Western States policy. Having found coverage, the court ordered the parties to arbitrate the claim in accordance with the terms of the Western States policy and in accordance with the finding of the court that there was contact.

Prior to the arbitration hearing, Western States filed an appeal with this court seeking a reversal of the lower court's judgment in favor of Klatz and its finding that there was contact between the vehicle driven by Klatz and the hit and run driver. This court summarily dismissed the appeal on March 22, 1996, for lack of jurisdiction. The case was set for arbitration. Pursuant to the Western States policy, the Illinois rules of evidence would apply at the arbitration hearing. The arbitration was to be conducted before a three-person arbitration panel.

An arbitration hearing was conducted between June 2 and June 6, 1997, to determine the amount of damages plaintiff was entitled to as a result of the accident. The only evidence was given by Klatz, who testified that he was driving his vehicle north in a northbound lane when a van or truck traveling southbound crossed over into his lane of traffic, made impact with the driver's side rear portion of his vehicle, causing him to take evasive action culminating in his leaving the roadway, striking a light pole and a brick wall. A majority of the arbitrators found in favor of Western States on the issue of the liability of the uninsured motorist, with one arbitrator dissenting.

Within 30 days, Klatz filed an objection to the arbitration decision. The objection asserted that the majority arbitrators exceeded their authority by ignoring the rules of evidence in failing to give sufficient weight to the ruling by the court that there had been contact between the two vehicles involved in the accident and by disregarding Klatz's testimony on the issue of liability, which was neither rebutted nor

impeached by Western States. After receiving briefs and hearing argument, the court entered an order on August 21, 1997, finding that the majority arbitrators exceeded their authority by disregarding the sole evidence before the panel on the issue of liability. The court found that the evidence provided by the dissenting arbitrator led to the conclusion that the majority arbitrators were arbitrary and capricious and exceeded their authority. The court ordered that the case be remanded for a new arbitration.

Western States subsequently filed with this court its petition for leave to appeal the trial court's order of August 21, 1997, pursuant to Supreme Court Rule 306(a)(1), which was granted.

Western States now requests that this court reverse the trial court's order vacating the arbitration award and remanding the matter for another arbitration, and remand the matter to the trial court with instructions to enter judgment on the arbitration award. Klatz asks this court to hold that the lower court did not abuse its discretion by vacating the arbitration award and remanding this matter for a new arbitration.

■ Judicial review of arbitration awards is more limited than review of a trial court's decision. *Shearson Lehman Brothers, Inc. v. Hedrich*, 266 Ill. App. 3d 24, 28, 639 N.E.2d 228, 232 (1994). Whenever possible, a court must construe an arbitration award so as to uphold its validity. *Edward Electric Co. v. Automation, Inc.*, 229 Ill. App. 3d 89, 96-97, 593 N.E.2d 833, 837 (1992). All reasonable presumptions are to be indulged in favor of arbitration awards. *Drinane v. State Farm Mutual Automobile Insurance Co.*, 153 Ill. 2d 207, 211, 606 N.E.2d 1181, 1183 (1992).

■ Section 12(a) of the Illinois Uniform Arbitration Act (710 ILCS 5/12(a) (West 1994)) permits a party to vacate an arbitration award where: (1) the award was procured by corruption, fraud, or other undue means; (2) the party can prove the neutral arbitrator possessed "evident partiality" or an appointed arbitrator was corrupt, thereby prejudicing the parties; or (3) the moving party can demonstrate that the arbitrators exceeded their authority in ruling as they did. Klatz alleged that the arbitration panel exceeded its authority in favor of Western States by not applying the proper evidentiary standard and, therefore, arbitrarily and capriciously failed to give the appropriate weight to the evidence. The lower court agreed with Klatz. However, there appears to be nothing on the face of the arbitration award that would lead to a finding that the arbitrators were "arbitrary and capricious."

The arbitration decision, in its entirety, states as follows:
> "After hearing proofs presented by both parties and final arguments thereon;

> We the undersigned arbitrators find in favor of Respondent Western States Insurance Co. and against Petitioner Ronald Klatz, D.O."

It is signed by arbitrators O'Brien and Foley. There is nothing in the decision that refers to the evidence in the case, only that the finding is in favor of Western States. On its face, it would be difficult to determine how the lower court could find that the majority arbitrators exceeded their authority.

■ However, if one reads the written dissent, one could find that the majority arbitrators exceeded their authority. In his dissent, the arbitrator alleges that the majority "ignored or did not give sufficient weight to the only evidence which was before the panel relating to liability." Assuming arguendo that this is true, the statement of the dissenting arbitrator is neither a court record nor evidence as to what actually occurred before the arbitration panel. Absent a court record or evidence as to the actual proceedings, the court should have assumed that no error occurred and affirmed the award. *Allied American Insurance Co. v. Culp*, 243 Ill. App. 3d 490, 494, 612 N.E.2d 41, 44 (1993).

■ While the lower court did conduct a trial 18 months prior to the arbitration, which resolved the issue of coverage and at which much of the same evidence would have been offered, it still could not substitute its own judgment for that of the arbitrators. Clearly, this is what the court did when it stated:

> "According to the dissenting opinion, a prima facie case clearly was laid out, if you believe the evidence and the only thing I have before me is the dissenting opinion which clearly lays out and the fact that I did try this case myself."

A trial court commits reversible error when it substitutes its own conclusions for those of the arbitrators. *Canteen Corp. v. Former Foods, Inc.*, 238 Ill. App. 3d 167, 183, 606 N.E.2d 174, 184 (1992). A court may not set aside an arbitration award merely because it would have reached a different result. *Perkins Restaurants Operating Co. v. Van Den Bergh Foods Co.*, 276 Ill. App. 3d 305, 310, 657 N.E.2d 1085, 1089 (1995). In setting aside the arbitration award, the lower court abused its discretion, and that order should be vacated.

Respondent asserts that Klatz did not present sufficient evidence to show that the arbitrators exceeded their authority in finding in favor of Western States. Klatz argues that the arbitrators exceeded their authority by ignoring the finding of the chancery court that there was contact between Klatz's vehicle and the hit-and-run driver.

■ Upon judicial review of an arbitration order, an appellate court must presume that the arbitrators did not exceed their powers. *Canteen*, 238 Ill. App. 3d at 178, 606 N.E.2d at 180. Arbitration awards

should be construed, whenever possible, so as to uphold their validity. *Rauh v. Rockford Products Corp.*, 143 Ill. 2d 377, 386, 574 N.E.2d 636, 641 (1991). An illogical or inconsistent decision on the part of the arbitrator is not a sufficient basis upon which to overturn an arbitration award. *Perkins*, 276 Ill. App. 3d at 309, 657 N.E.2d at 1088. Gross errors of judgment in law or a gross mistake of fact is not grounds for vacating an award unless the mistakes or errors are apparent upon the face of the award. *Rauh*, 143 Ill. 2d at 393, 574 N.E.2d at 644. There is a presumption that the arbitrators considered and fully determined all matters submitted to them. *Edward Electric Co.*, 229 Ill. App. 3d at 100, 593 N.E.2d at 840. A party seeking to vacate an arbitration award must provide clear, strong, and convincing evidence that the arbitrator exceeded his authority. *Allied American Insurance Co.*, 243 Ill. App. 3d at 493-94, 612 N.E.2d at 44.

■ The only evidence that Klatz presented to the trial court in his motion to vacate the arbitration award was the award itself and the dissent. The arbitration award on its face could not be erroneous since it simply stated that the majority arbitrators found in favor of Western States after hearing proofs that were presented by both parties as well as final arguments. This leaves only the dissent.

The dissenting arbitrator was chosen by Klatz. In his dissent, he stated that the majority ignored the finding of the chancery court that there had been contact between Klatz's vehicle and the hit-and-run driver. However, this finding decided the coverage issue, not liability. The majority, after hearing the evidence, determined that Western States was not liable to pay under the uninsured motorist provision of Klatz's policy.

Klatz argues that the dissenting opinion stated that the finding by the chancery court was not given "appropriate weight" by the majority arbitrators and that their "decision was not consistent with the finding" of contact by the chancery court. However, the majority decision shows only that it determined the uninsured driver was not liable.

Absent Klatz's demonstration of clear, strong and convincing evidence that the award was improper, the lower court's vacatur of the arbitration award should be reversed.

For the foregoing reasons, the judgment of the circuit court is reversed and remanded.

Reversed and remanded.

CERDA, P.J., and WOLFSON, J., concur.