JUDITH ZIMMERMAN, Plaintiff-Appellee, v. ILLINOIS FARMERS INSURANCE COMPANY, Defendant-Appellant.

Second District    No. 2—99—1164

Opinion filed November 15, 2000.

Danny L. Worker and Mary F. Sitko, both of Worker & Power, of Chicago, and Robert G. Black, of Law Offices of Robert G. Black, of Naperville, for appellant.

Steven M. Gleason, of Nilson, Stookal, Gleason & Caputo, of Chicago, for appellee.

JUSTICE HUTCHINSON delivered the opinion of the court:

Plaintiff, Judith Zimmerman, presented an underinsured motorist claim to defendant, Illinois Farmers Insurance Company. The parties submitted the claim to arbitration, and the arbitrator entered an award in plaintiff's favor. After a dispute arose regarding the application of a setoff provision in the insurance policy, plaintiff filed suit to enforce the award. The trial court granted summary judgment in favor of plaintiff for the full amount of the arbitration award. Defendant appeals, contending that summary judgment was improper because (1) as a matter of law the arbitration award was subject to a setoff equal to the amount plaintiff recovered from the underinsured motorist and (2) genuine issues of material fact existed that precluded summary judgment. We affirm.

## BACKGROUND

On September 15, 1994, plaintiff was struck by an automobile

while crossing a public roadway. The driver of the automobile was insured under a policy with a limit of liability of $100,000. The driver's insurer subsequently tendered the full $100,000 to plaintiff in settlement of her claim against the driver.

At the time of the accident, plaintiff was covered by an automobile liability policy issued by defendant that included underinsured motorist coverage with a limit of liability of $250,000 per person. The policy included a setoff provision that limited the amount of underinsured motorist coverage to the lesser of:

"1. The limits of liability reduced by all amounts paid in **damages** to the **insured person** by or for any person or organization who may be liable for the **bodily injury**; or

2. The unrecovered amount of **damages** established by any agreement, settlement, or judgment with or for the person(s) or organization(s) legally liable for the **bodily injury**."

The terms of the policy applied the same procedural requirements to both underinsured and uninsured motorist coverage. The policy contained an arbitration provision that provides in pertinent part:

"The arbitrator shall determine (1) whether the **Insured person** is legally entitled to recover **damages** from the owner or operator of an **uninsured motor vehicle**, and (2) the amount of payment under this part, if any, as determined by this policy or any other applicable policy."

On November 16, 1995, plaintiff filed a demand for arbitration of the claim with the American Arbitration Association (the AAA). In a section of the arbitration demand form entitled "Amount Claimed," plaintiff wrote "$250,000.00 minus any contractual setoff."

On April 14, 1997, the parties arbitrated plaintiff's claim before an arbitrator selected by the AAA. On April 21, 1997, the arbitrator made an award in favor of plaintiff. The award provides:

"THE UNDERSIGNED ARBITRATOR(S), designated in accordance with the Arbitration Agreement entered into by the *** Parties, and having been duly sworn and having heard the proofs and allegations of the Parties, AWARDS AS FOLLOWS:

ILLINOIS FARMERS INSURANCE shall pay to JUDITH ZIMMERMAN the sum of ONE HUNDRED FORTY-NINE THOUSAND TWO HUNDRED THIRTY-THREE ($149,233.00) DOLLARS.

This Award is in full settlement of all claims submitted to this arbitration."

Defendant subsequently tendered $49,233 to plaintiff. Plaintiff rejected the tender.

On August 15, 1997, plaintiff filed a complaint in the circuit court of Cook County praying for entry of a judgment on the award in the

amount of $149,233. Plaintiff alleged that the arbitrator awarded her the full amount and that defendant refused to pay. Defendant responded with a motion to dismiss pursuant to section 2—619(a)(9) of the Code of Civil Procedure (the Code) (735 ILCS 5/2—619(a)(9) (West 1996)) and a motion to transfer the matter to the circuit court of Du Page County under the equitable doctrine of *forum non conveniens*. After continuing the matter several times, the trial court transferred the case to Du Page County on June 17, 1998.

On November 24, 1998, the trial court denied defendant's motion to dismiss and ordered defendant to answer plaintiff's complaint or otherwise plead. On December 10, 1998, defendant answered plaintiff's complaint. Defendant admitted all of plaintiff's factual allegations but denied that the arbitrator's award required it to pay plaintiff $149,233. Defendant averred that it was required to pay plaintiff only $49,233. As an affirmative defense, defendant alleged that it was entitled to a setoff of $100,000 against the arbitrator's award, even though the arbitrator's award did not mention the setoff. Defendant concluded that, based on the definition of underinsured motorist in the insurance policy, it was required to pay plaintiff only $49,233 and prayed for an order to that effect.

Plaintiff subsequently filed a motion for summary judgment pursuant to section 2—1005 of the Code (735 ILCS 5/2—1005 (West 1998)). Plaintiff filed a memorandum of law in support of her motion and attached as exhibits, among other things, the insurance policy, the demand for arbitration, the arbitration award, and a copy of the AAA's rules for arbitration of underinsured motorist claims.

Defendant responded to plaintiff's motion and filed a memorandum of law in support of its response. Defendant attached to its memorandum of law the affidavit of Edward Ouimet, the attorney who represented defendant at the arbitration. In his affidavit, Ouimet stated that he advised the arbitrator that plaintiff had received benefits from the allegedly underinsured driver's insurer and advised the arbitrator of the limits of liability of the driver's automobile insurance. Ouimet also stated that he "had advised the arbitrator *** that the award was to be the total damages compensable to [plaintiff] with the intent that the award would be reduced after the hearing by the amount of the payment received from the underinsured driver."

On June 3, 1999, the trial court granted plaintiff's motion for summary judgment. The trial court held that the award was clear on its face, and defendant waived any alleged ambiguity by failing to seek clarification of the award from either the arbitrator or the circuit court within the applicable time period. The trial court entered judgment against defendant and in favor of plaintiff in the amount of

$149,233. The trial court subsequently denied defendant's motion to reconsider and motion for leave to file a counterclaim, and defendant timely appeals.

## ANALYSIS

### Standard of Review

■ Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992); *Western States Insurance Co. v. Zschau*, 298 Ill. App. 3d 214, 219 (1998). Summary judgment is encouraged as an aid in the expeditious disposition of a lawsuit but is a drastic means and should be granted only when the right to summary judgment is clear and free from doubt. *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 271 (1992). Our review of an order granting summary judgment is *de novo*. *Outboard Marine*, 154 Ill. 2d at 102. Similarly, the construction of an insurance contract is a matter of law that we review *de novo*. *American States Insurance Co. v. Koloms*, 177 Ill. 2d 473, 479-80 (1997).

### Purpose of Underinsured Motorist Coverage

■ Defendant first argues that underinsured motorist coverage is intended to fill the gap when an insured's injuries exceed the amount recovered from a tortfeasor and that public policy supports the application of a setoff for amounts actually recovered. The purpose of underinsured motorist coverage is to place the insured in the same position as she or he would have occupied if the tortfeasor had carried adequate insurance. *Roberts v. Northland Insurance Co.*, 185 Ill. 2d 262, 268 (1998), citing *Cummins v. Country Mutual Insurance Co.*, 178 Ill. 2d 474, 483 (1997). An insurer is entitled to enforce a contractual setoff when doing so is necessary to prevent a double recovery or windfall to the insured. *Hoglund v. State Farm Mutual Automobile Insurance Co.*, 148 Ill. 2d 272, 280 (1992).

However, the issue before us is unrelated to the public policy concerns underlying the application of a setoff for amounts recovered from the tortfeasor. The question we must resolve is whether defendant was entitled to apply the setoff unilaterally to reduce the arbitrator's award. In other words, was defendant required to raise the issue of recovery from the tortfeasor during the arbitration and did waiver bar defendant from raising the issue after the arbitration was completed?

### Arbitration Agreement

■ Defendant contends that, as a matter of law, it was entitled to

set off the amount recovered from the underinsured driver against the arbitration award and that consequently summary judgment in favor of the plaintiff was improper. An arbitration agreement must be enforced to give effect to the intentions of the parties as expressed in the terms of the agreement. *Mayflower Insurance Co. v. Mahan*, 180 Ill. App. 3d 213, 217 (1988). The language of an arbitration agreement itself governs the question of which issues are the subject of arbitration. *Flood v. Country Mutual Insurance Co.*, 41 Ill. 2d 91, 94 (1968). However, arbitration is favored by the state, federal, and common law, and an arbitration agreement will be given as broad an interpretation as its language will allow. *Schutt v. Allstate Insurance Co.*, 135 Ill. App. 3d 136, 144 (1985). Our supreme court recently observed that the scope of arbitration is generally limited to two issues: "whether the insured is entitled to recover damages from the operator or owner of an uninsured vehicle, and the amount of damages under the policy." *Reed v. Farmers Insurance Group*, 188 Ill. 2d 168, 178-79 (1999), citing *State Farm Fire & Casualty Co. v. Yapejian*, 152 Ill. 2d 533, 541-44 (1992).

Defendant argues that, under the terms of its policy, the arbitrator was required to hear the evidence and determine the total damages plaintiff had suffered. Defendant further argues that plaintiff's total damages were "the amount due under this part" that was subject to arbitration and that the arbitrator's award was subject to a setoff under another part of the policy. Defendant also relies on the language in *Reed* to support its interpretation of the arbitration award as a determination of the total damages plaintiff suffered that was subject to a setoff for amounts received from the underinsured driver. Defendant further argues that the submission of the issue of previous payment to the arbitrator is a question of coverage that, absent the agreement of the parties, is reserved to the circuit court. See *Yapejian*, 152 Ill. 2d at 543. We conclude that defendant's proposed interpretation is contrary to both the plain language of the arbitration provision of the policy and established precedent.

■ With due respect to our supreme court, the phrase "damages under the policy" (*Reed*, 188 Ill. 2d at 179) used by the *Reed* court is imprecise. An arbitrator cannot be properly charged with determining an insured's "damages under the policy" because the phrase commingles two distinct concepts. "Damages" are a pecuniary compensation that may be recovered in the courts by a person who has suffered loss, detriment, or injury. See Black's Law Dictionary 389 (6th ed. 1990). "Payment," on the other hand, is the fulfillment of a promise or the performance of an agreement. See Black's Law Dictionary 1129 (6th ed. 1990). An underinsured motorist policy is a contractual obliga-

tion to place the insured in the same position she or he would have occupied had the tortfeasor carried liability insurance in the same amount as the policyholder. See *Roberts*, 185 Ill. 2d at 267. Accordingly, although an insured may be entitled to "damages" from the tortfeasor as compensation for her or his injuries, she or he is entitled to a "payment" from her or his insurer in fulfillment of the insurer's contractual obligation. Admittedly the amount of payment due under an insurance contract cannot be determined without considering the amount of damages, but this interrelationship does not eliminate the distinction.

In the present case, the language of the arbitration provision of the insurance contract reflects this distinction. The arbitration provision requires the arbitrator to determine whether the insured was entitled to "damages" from the underinsured motorist and the amount of "payment" under the contract. If the parties had intended the word "payment" to have the same meaning as the word "damages," they could have merely used the word "damages." See *Cowens v. Illinois Insurance Guaranty Fund*, 249 Ill. App. 3d 214, 219 (1993).

■ The applicable precedents also support this interpretation of the arbitration provision. In *Schutt*, the reviewing court examined an uninsured motorist policy containing a similar arbitration provision. *Schutt*, 135 Ill. App. 3d at 144. The reviewing court held that, because the parties agreed to submit to arbitration the "amount of payment which may be owing under this coverage," the insurer was required to submit to the arbitrators all matters, including any setoff issue, pertaining to the amount payable. *Schutt*, 135 Ill. App. 3d at 144. In *Cole v. Inland National Insurance Co.*, 133 Ill. App. 2d 745 (1971), the reviewing court held that arbitration provides an insurer ample means to avoid double recovery, and an insurer who fails to make and support its contention of a setoff during the arbitration proceeding may not question the award on that basis. *Cole*, 133 Ill. App. 2d at 748. Moreover, an arbitration award that determines an insured's damages but does not determine the amount of payment required by the insurance contract as a result is not final and is unenforceable. See *Harris v. Allied American Insurance Co.*, 152 Ill. App. 3d 88, 90 (1987).

Defendant argues that a determination of the offset amount is a dispute regarding insurance coverage that is not subject to arbitration. See *Yapejian*, 152 Ill. 2d at 543-44 (holding that public policy favors the determination of coverage issues by the courts). However, the determination of the "amounts paid in damages to the insured person" is a factual issue and unlikely to involve a complex presentation of evidence. The application of this setoff to an insured's damages is a simple mathematical operation. The arbitrator is not required to

determine the broad range of coverage issues that can arise, such as "stacking" of underinsured motorist policies, coverage for indirect contact with an uninsured vehicle, or whether the policy was in force. See *Yapejian*, 152 Ill. 2d at 543. Accordingly, the policy considerations that militate against removing these complex issues from the purview of the courts do not apply. See *Yapejian*, 152 Ill. 2d at 543-44. Moreover, the plain language of the agreement requires the parties to arbitrate this issue, and the *Yapejian* court held only that the legislature had not required mandatory arbitration of coverage issues; it did not hold that the parties could not submit any coverage issue to arbitration. See *Yapejian*, 152 Ill. 2d at 544.

■ In this case, the plain language of the arbitration provision required the arbitrator to determine the amount of payment due plaintiff from defendant under the policy. The arbitrator's award clearly states that defendant is to pay plaintiff an exact amount. The rationales of *Schutt* and *Cole* support a finding that the amount of the setoff for payment by the underinsured driver was a matter properly committed to the arbitrator for determination. We conclude that the arbitrator's award determined the precise issue committed to arbitration by the insurance contract, *i.e.*, the amount defendant was required to pay plaintiff under the policy. Accordingly, defendant was not, as a matter of law, entitled to unilaterally set off the plaintiff's recovery from the award. Therefore, under the terms of the arbitration agreement plaintiff was entitled to judgment as a matter of law, and the trial court did not err when it entered summary judgment in her favor. See *Zschau*, 298 Ill. App. 3d at 219.

## Ouimet's Affidavit

■ Defendant argues that, even if the arbitration agreement required the arbitrator to determine the offset, Ouimet's affidavit created an issue of material fact that precluded summary judgment. Summary judgment is proper only when no genuine issues of material fact exist. *Zschau*, 298 Ill. App. 3d at 219. In his affidavit, Ouimet stated that he advised the arbitrator that defendant was entitled to a setoff for amounts paid on behalf of the underinsured driver and that the award should reflect the total damages compensable to the insured with the intent that the award would be reduced after the hearing. In a summary judgment proceeding, the allegations of an uncontradicted affidavit must be taken as true. *Hall v. Burger*, 277 Ill. App. 3d 757, 761 (1996). However, even if we accept Ouimet's affidavit as true, it does not create a dispute regarding a material fact that would preclude summary judgment.

■ First, Ouimet's affidavit does not create an issue of material

fact regarding our interpretation of the arbitration award. Generally, parol evidence is inadmissible to vary the terms of a written instrument unless the language used is ambiguous or incomplete. *Polsky v. BDO Seidman*, 293 Ill. App. 3d 414, 423 (1997). Although ordinarily invoked when interpreting contracts, this general rule also applies to judgments (*In re Marriage of Druss*, 226 Ill. App. 3d 470, 475 (1992)) and arbitration awards (*Hetherington v. Continental Insurance Co.*, 311 Ill. App. 577, 585 (1941)). As we observed above, the language of the arbitration award unambiguously purports to resolve the precise issue, the amount of payment due plaintiff, that the insurance contract required the parties to submit to arbitration. The language used in the arbitration award is not ambiguous simply because the parties do not agree on its meaning, and therefore Ouimet's affidavit cannot be used to vary the terms of the arbitration award See *Druss*, 226 Ill. App. 3d at 476.

Second, whether Ouimet advised the arbitrator of plaintiff's recovery from the underinsured driver is irrelevant. An appellate court must construe an arbitration award, whenever possible, so as to uphold its validity. *Klatz v. Western States Insurance Co.*, 298 Ill. App. 3d 815, 819-20 (1998). Arbitrators are presumed to have considered and fully determined all matters submitted to them. *Klatz*, 298 Ill. App. 3d at 820. Gross errors of judgment in law or gross mistakes of fact are not grounds for vacating an award unless the mistakes or errors are apparent upon the face of the award. *Klatz*, 298 Ill. App. 3d at 820, citing *Rauh v. Rockford Products Corp.*, 143 Ill. 2d 377, 393 (1991). When an issue is submitted to arbitration, the parties must raise all matters pertaining to that issue in the arbitration proceeding. *Karcazes v. Antoniou*, 174 Ill. App. 3d 1074, 1080 (1988). "The parties may not subvert the arbitration process by failing to raise a matter which falls within the ambit of the issues submitted, then later asking the court to determine the matter in a subsequent proceeding." *Karcazes*, 174 Ill. App. 3d at 1080.

We determine that the meaning of the word "advised" in Ouimet's affidavit is ambiguous and suggests two possible interpretations. However, whichever interpretation we give the word, Ouimet's affidavit fails to create a genuine issue of fact. If we interpret "advised" to mean that defendant presented evidence of the offset during the arbitration proceeding, we must presume that the arbitrator considered and determined the issue. See *Klatz*, 298 Ill. App. 3d at 820. Because no error appears on the face of the arbitration award, defendant may not challenge this determination. See *Klatz*, 298 Ill. App. 3d at 820. On the other hand, if we interpret "advised" to mean that defendant informed the arbitrator that an issue relating to an offset

existed but defendant failed to present evidence in support of an offset, the issue has been waived. See *Karcazes*, 174 Ill. App. 3d at 1080. Any matter pertaining to the payment due under an underinsured motorist policy, including any offsets or deductions, is essential to a determination of the payment and must be raised during the arbitration proceedings. See *Schutt*, 135 Ill. App. 3d at 144; *Cole*, 133 Ill. App. 2d at 747-48. Whether Ouimet "advised" the arbitrator of the offset is irrelevant to the validity of the award. Therefore, the affidavit does not create a genuine issue of material fact, and summary judgment was proper. See *Zschau*, 298 Ill. App. 3d at 219.

## CONCLUSION

We conclude that the unambiguous language of the arbitration agreement required the parties to submit to arbitration the issue of payment under the policy, including any offset for recovery from an underinsured driver, and that the unambiguous language of the arbitration award determined that issue. We further conclude that no genuine issue of material fact existed. Therefore, we hold that plaintiff was entitled to summary judgment in her favor as a matter of law. The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

BOWMAN, P.J., and GALASSO, J., concur.