PATRICIA JOHNSON, Plaintiff-Appellee, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant (Thomas C. Rich *et al.*, Plaintiffs).—PATRICIA JOHNSON, Plaintiff-Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee (Thomas C. Rich *et al.*, Plaintiffs).

Fifth District   Nos. 5—99—0597, 5—99—0599 cons.

Opinion filed July 13, 2001.

Heidi Dalenberg, of Schiff, Hardin & Waite, of Chicago, and John W. Leskera, of Dunham, Boman & Leskera, of Collinsville, for appellant.

B. Jay Dowling, of Law Offices of B. Jay Dowling, P.C., of Fairview Heights, for appellee.

JUSTICE RARICK delivered the opinion of the court:

The plaintiff, Patricia Johnson, brought an action in the circuit court of St. Clair County against State Farm Mutual Automobile Insurance Company (State Farm). Johnson was injured in an automobile collision with an uninsured motorist. As a result, she incurred medical expenses totaling $12,528.99. Johnson submitted a claim to State Farm for payment of medical expenses under the medical payment provisions of her policy. In response, State Farm paid the medical payment coverage (MPC) limit of $5,000. Johnson subsequently made a claim under the uninsured-motorist (UM) provision of her policy, and she made a demand for arbitration. The arbitrators awarded $22,000. State Farm offset the $5,000 it had already paid Johnson and issued her a check in the amount of $17,000.

Johnson and attorney Rich thereafter filed a four-count complaint against State Farm. In count I of her third amended complaint, Johnson asserted a claim under Illinois's common-fund doctrine. In count II, Johnson alleged that State Farm failed to pay her the full amount due on the arbitration award. In counts III and IV, attorney Rich asserted that State Farm owed attorney fees under the common-fund doctrine.

State Farm moved to dismiss pursuant to section 2—619 of the Code of Civil Procedure (725 ILCS 5/2—619 (West 1998)). On March 12, 1999, the trial court dismissed count I with prejudice, dismissed count II, but declined to dismiss count III or IV. With respect to count I, the trial court ruled that Johnson, a nonattorney, could not recover under the common-fund doctrine. With respect to count II, the trial court reasoned that State Farm was entitled to deduct the $5,000 MPC benefits from the arbitration award pursuant to the terms of the nonduplication and reimbursement provisions of the MPC. With respect to counts III and IV, the trial court found that the plaintiff had adequately alleged a common-fund fee claim against State Farm. The trial court reasoned that the application of the common-fund doctrine would place the parties in the same position they would be in if two policies or another insurer were involved. The court noted that State Farm took an adversarial role in the arbitration proceedings and was seeking to benefit from the services of Johnson's attorney.

The trial court subsequently entered an order pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308), finding that its March 12, 1999, order involved certain questions of law as to which there are substantial grounds for difference of opinion and that an immediate appeal might advance the ultimate termination of the litigation. The questions are:

"1. *** [W]hether the equitable 'common fund' doctrine in Il-

linois is applicable to require a defendant insurer to pay fees to its policyholder's lawyer where:

(a) the lawyer has represented the defendant insurer's policyholder in arbitration of the policyholder's claim *against* the defendant insurer for Uninsured Motorist benefits; and

(b) the defendant insurer was actively represented by its own retained counsel in the arbitration of the uninsured motorist claim.

2. The issues for interlocutory appeal raised by plaintiffs are:

A. In an uninsured/underinsured motorist arbitration, do the arbitrators in determining the question, 'What amount, if any[?]', under the policy[ ] have the authority to consider other policy provisions that effect [*sic*] the total arbitration amount awarded?

B. Under the policy, does the arbitration award in an uninsured/underinsured claim include an award of medical expenses?

C. In an uninsured/underinsured motorist claim does the insurer represent the uninsured/underinsured tortfeasor?''

(Emphasis in original.)

This court granted both parties' applications for leave to appeal, and the parties filed separate appeals. In case No. 5—99—0599, Johnson appealed the trial court's dismissal of count II of her complaint. In case No. 5—99—0597, State Farm appealed the trial court's refusal to dismiss counts III and IV of Johnson's complaint. On the court's own motion, these cases were consolidated for disposition under case No. 5—99—0597.

●1 Generally, an appeal under Rule 308 is limited to the question that is identified by the trial court. *Jones v. City of Carbondale*, 217 Ill. App. 3d 85, 576 N.E.2d 909 (1991). Where necessary, however, this court can go beyond the certified question to consider the appropriateness of the order giving rise to the appeal. *In re Lawrence M.*, 172 Ill. 2d 523, 670 N.E.2d 710 (1996); *Billerbeck v. Caterpillar Tractor Co.*, 292 Ill. App. 3d 350, 685 N.E.2d 1018 (1997). In the present case, we find it necessary to address the appropriateness of the trial court's order.

Johnson argues that the $22,000 awarded by the arbitrators was in excess of the $5,000 State Farm had already paid under the MPC and that State Farm improperly deducted the $5,000 from the arbitration award. She maintains that the authority of the arbitrators to enter an award was limited by the terms of the policy to enter an award for *bodily injury* only and that bodily injury, as defined by the policy, does not include medical expenses. Johnson contends that because a UM award cannot include medical expenses, the arbitrators'

determination that she suffered damages in the amount of $22,000 could not have included the same $5,000 in medical bills that State Farm had already paid under her MPC. Johnson also argues that in determining the amount of damages, the arbitrators had the authority to consider other policy provisions that affect the total amount awarded. Specifically, she maintains that in determining the amount of damages for bodily injury, the arbitrators must have considered the nonduplication and setoff provisions contained in other sections of the policy.

Before addressing the merits of Johnson's arguments, we will set forth the relevant policy provisions:

"*Bodily Injury*—means bodily injury to a *person* and sickness, disease[,] or death which results from it.

* * *

*Insured*—means the *person, persons*[,] or organization defined as *insureds* in the specific coverage.

* * *

*Person*—means a human being.

* * *

### SECTION II—MEDICAL PAYMENTS—COVERAGE C

***

*MEDICAL EXPENSES*

We will pay reasonable medical expenses[ ] for *bodily injury* caused by accident ***.

* * *

*If There Are Other Medical Payments Coverages.*

1. Non-Duplication

No *person* for whom medical expenses are payable under this coverage shall recover more than once for the same medical expense under this or similar vehicle insurance.

* * *

*When Someone May Be Legally Liable For the Bodily Injury*

***

2. When we pay medical expenses under this coverage, we are entitled to be paid out of any subsequent recovery for *bodily injury* from a liable party or such party's insurer ***.

3. The liability, uninsured motor vehicle[,] and underinsured motor vehicle coverages shall be excess over and shall not pay again any medical expenses paid under this coverage.

### SECTION III—UNINSURED MOTOR VEHICLE— COVERAGE U, UNINSURED MOTOR VEHICLE—COVERAGE UI AND UNDERINSURED MOTOR VEHICLE—COVERAGE W UNINSURED MOTOR VEHICLE—COVERAGE U

***

We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be caused by accident arising out of the operation, maintenance[,] or use of an *uninsured motor vehicle*.

\* \* \*

*Deciding Fault and Amount*

Two questions must be decided by agreement between the *insured* and us:

1. Is the *insured* legally entitled to collect damages from the owner or driver of the *uninsured motor vehicle* or *underinsured motor vehicle*; and

2. If so, in what amount?

If there is no agreement, these questions shall be decided by arbitration.

\* \* \*

*Coverages U and W*

1. Any amount payable under these coverages shall be reduced by any amount paid or payable to or for the *insured*:

a. by or for any *person* or organization who is or may be held legally liable for the *bodily injury* to the *insured*;

b. for *bodily injury* under the liability coverage;

***

2. Any payments made to a *person* for *bodily injury* under these coverages shall reduce any amount payable to that *person* under the bodily injury liability coverage." (Emphasis in original.)

●2 When construing the language of an insurance policy, our primary objective is to ascertain and give effect to the intentions of the parties as expressed in their agreement. *Elson v. State Farm Fire & Casualty Co.*, 295 Ill. App. 3d 1, 691 N.E.2d 807 (1998). Terms that are reasonably susceptible to more than one meaning will be considered ambiguous and will be construed strictly against the insurer. *Fuller's Car Wash, Inc. v. Liberty Mutual Insurance Co.*, 298 Ill. App. 3d 167, 698 N.E.2d 237 (1998). If the terms of the policy are clear and unambiguous, however, they will be given their plain and ordinary meaning. *General Insurance Co. of America v. Robert B. McManus, Inc.*, 272 Ill. App. 3d 510, 650 N.E.2d 1080 (1995).

●3 The terms of the policy in the present case are clear and unambiguous. If the parties are unable to reach an agreement regarding an uninsured-motorist claim, the matter will be submitted to arbitration and the arbitrators will determine whether the insured is entitled to collect *damages* from an uninsured motorist and, if so, the amount of those *damages*. Johnson is correct in arguing that a UM award can only be for bodily injuries. However, there is nothing in the

language of the policy that excludes medical expenses from the amount of those damages. Indeed, statutory provisions relating to UM coverage clearly contemplate that damages will include the insured's medical expenses. See 215 ILCS 5/143a(1)(A) (West 1998). In the present case, we note that the arbitrators' award states that Johnson's medical bills were introduced into evidence and were considered in determining the amount of the award. This further demonstrates that the arbitrators' award of $22,000 was not for bodily injury only. It is evident from the policy language that the arbitrators could consider all damage elements in determining the total amount of the award and that they considered Johnson's medical expenses in making their award.

With respect to Johnson's argument regarding the setoff and nonduplication provisions, it is well-settled that the scope of the arbitrators' authority is strictly limited by the language of the contract. *Smagala v. Owen*, 307 Ill. App. 3d 213, 717 N.E.2d 491 (1999). As noted above, the arbitration provision authorizes the arbitrators to determine whether the insured is entitled to collect damages from an uninsured motorist and the amount thereof. Nothing in the arbitration provision in the present case authorized the arbitrators to consider any setoff or nonduplication provisions that may be contained in other provisions of the policy.

We conclude that, as a matter of law, State Farm was entitled to deduct from the $22,000 award the $5,000 it had paid Johnson pursuant to her MPC. Thus, count II of Johnson's third amended complaint should have been dismissed with prejudice.

State Farm argues that the trial court erred in denying its motion to dismiss counts III and IV, wherein attorney Rich alleged common-fund fee claims. State Farm maintains that the lawyer-plaintiff did not serve any benefit for State Farm.

•4 The common-fund doctrine is based upon the equitable concept that an attorney who performs services in creating a fund should in equity and good conscience be allowed compensation out of the whole fund from those who seek to benefit from the creation of the fund. *Brase v. Loempker*, 267 Ill. App. 3d 415, 642 N.E.2d 202 (1994). In order to recover fees under the common-fund doctrine, the attorney must show (1) that the fund was created as the result of legal services performed by an attorney, (2) that the subrogee did not participate in the creation of the fund, and (3) that the subrogee benefited out of the fund that was created. *Meyers v. Hablutzel*, 236 Ill. App. 3d 705, 603 N.E.2d 91 (1992). However, a plaintiff may not recover attorney fees under the doctrine while rendering services for an unwilling recipient. *Tenney v. American Family Mutual Insurance Co.*, 128 Ill. App. 3d 121, 470 N.E.2d 6 (1984).

•5 The premise of the lawyer-plaintiff's common-fund claim in the present case is that attorney Rich, through his efforts at the arbitration hearing, created a fund of $22,000, a fund from which State Farm had the right to be reimbursed for the $5,000 it had already paid Johnson pursuant to her MPC. The lawyer-plaintiff claims that State Farm had no contractual right to deduct from the $22,000 arbitration award the $5,000 already paid and that the only provision by which State Farm could have claimed the $5,000 from the arbitration award was the subrogation/reimbursement provision contained in paragraph 2(a) of the section on the MPC, which provides that if State Farm paid medical expenses for which someone else was liable, it was entitled to be paid out of any subsequent recovery for bodily injury from the liable party. Thus, the lawyer-plaintiff contends, they created a fund out of which State Farm benefited.

As noted above, under the clear and unambiguous language of the policy, the arbitrators were authorized to determine the total amount of damages, and State Farm was authorized to set off the $5,000 it had paid Johnson pursuant to her MPC. The lawyer-plaintiff in the present case did not create any fund out of which State Farm "reimbursed" itself. Because the lawyer-plaintiff did not create any fund from which State Farm benefited, it is not entitled to recovery fees pursuant to the common-fund doctrine.

The lawyer-plaintiff takes the position that State Farm should be treated as if it were the insurer of the negligent uninsured motorist who injured Johnson and that State Farm's obligation to pay UM benefits to its own insured should be equated with the obligation of the liability insurer of an at-fault driver. This argument was rejected by the court in *Terry v. State Farm Automobile Insurance Co.*, 287 Ill. App. 3d 8, 677 N.E.2d 1019 (1997), wherein the court held that payments made under underinsured-motorist coverage were not made by or on behalf of the underinsured motorist and do not discharge the liability of such motorist.

Finally, the lawyer-plaintiff contends that the arbitrators in an uninsured/underinsured arbitration have the authority to determine the validity of a right to setoff and/or reimbursement. Again, as noted above, nothing in the arbitration provision in the present case authorized the arbitrators to consider any setoff or nonduplication provisions that might be contained in other provisions of the policy.

For the foregoing reasons, and pursuant to this court's authority under Supreme Court Rule 366 (134 Ill. 2d R. 366), it is ordered that

counts II, III, and IV of Johnson's third amended complaint be dismissed with prejudice.

Opinion affirmed in part and reversed in part; case dismissed.

GOLDENHERSH and KUEHN, JJ., concur.