**FARMERS INSURANCE EXCHANGE, Applicant–Appellant and Cross–Appellee,**

v.

**Colleen TAYLOR, Respondent–Appellee and Cross–Appellant.**

No. 99CA2388.

Colorado Court of Appeals, Div. A.

Aug. 16, 2001.

Rehearing Denied Nov. 1, 2001.

Certiorari Denied April 29, 2002.

Levy, Morse & Wheeler, P.C., Marc Levy, Jane E. Young, Englewood, CO, for Applicant–Appellant and Cross–Appellee.

Kidneigh & Kaufman, P.C., Stephen C. Kaufman, Denver, CO, for Respondent–Appellee and Cross–Appellant.

Opinion by Judge ROY.

Farmers Insurance Exchange (the insurer) appeals the trial court's order denying its motion to modify or correct an arbitration award and confirming that award in favor of Colleen Taylor (the insured). We affirm.

In October 1993, the insured was involved in an automobile accident in Tennessee while driving her daughter's vehicle. The insured settled with the underinsured tortfeasor for $25,000. She settled with her daughter's insurance carrier for $75,000, the limits of the daughter's policy less the settlement with the underinsured tortfeasor.

The insured also submitted an underinsured motorist claim to her own carrier, the insurer here. While there is disagreement as to its applicability, it is undisputed that the insured's policy contained an uninsured or underinsured motorist claim limit of $100,000. The parties then entered into arbitration on the claim pursuant to the terms of the policy.

The policy provided for arbitration as follows:

> If an **insured person** and we do not agree (1) that the person is legally entitled to recover **damages** from the owner or operator of an **uninsured motor vehicle,** or (2) as to the amount of payment under this part, either that person or we may demand that the issue be determined by arbitration.
>
> . . . .
>
> The arbitrator shall determine (1) the existence of the operator of an **uninsured motor vehicle,** (2) that the **insured person** is legally entitled to recover **damages** from the owner or operator of an **uninsured motor vehicle,** and (3) *the amount of payment under this part as determined by this policy or any other applicable policy.*

(underlining added)

It is also undisputed that the uninsured motorist coverage also includes underinsured motorists coverage and that at the arbitration the insurer did not submit any evidence establishing the policy limits or the insured's previous recovery from third parties. The arbitrator awarded the insured $513,960 in damages together with $270,968.93 in costs and interest.

The insurer did not file an application with the arbitrator pursuant to § 13–22–211, C.R.S.2000, to modify or change the award. Instead, the insurer filed an application with the trial court pursuant to § 13–22–214, C.R.S.2000, to vacate the award and pursuant to § 13–22–215, C.R.S.2000, to modify or correct the arbitration award. The insured filed a counterclaim requesting confirmation of the award.

The trial court denied the insurer's application, confirmed the award, and stated in part:

> [T]he arbitration clause in this case placed "the amount of payment" [from the insurer] directly before the Arbitrator. Further, the arbitration clause in this matter does not state that the Arbitrator is to determine the amount of payment subject

to the policy limitations. The court finds that in light of ... the fact that the Arbitrator in this matter was not presented with the policy limitations prior to or during the arbitration hearing, the plain meaning of the phrase "amount of payment," and the absence of any language qualifying the Arbitrator's power to determine the amount of payment within the arbitration clause, the Arbitrator had jurisdiction to determine the amount of payment that should be made, without qualification.

The trial court entered judgment against the insurer in the amount of $784,928.93. By subsequent order, the trial court granted the insured postjudgment interest from the date of the arbitration award, pursuant to § 5–12–102(4)(b), C.R.S.2000.

This appeal followed. Also, the insured filed a cross-appeal concerning the trial court's failure to strike the insurer's untimely reply to the amended counterclaim.

## I.

■ The insurer contends that the trial court erred in not modifying the arbitration award because the arbitrator exceeded his authority. The insurer specifically claims that: (1) the arbitration clause did not empower the arbitrator to determine the amount of payment the insured was to receive from the insurer under the underinsured motorist coverage; (2) the arbitrator impermissibly awarded the insured "damages against" the insurer; (3) the award, including the prejudgment interest, impermissibly exceeds the applicable policy limit; and (4) the arbitrator failed to subtract from the damages awarded the amounts the insured received from the tortfeasor and her daughter's insurer. We find no error in the trial court's ruling.

■ Colorado adopted the Uniform Arbitration Act (UAA), § 13–22–201, et seq., C.R.S.2000, to provide a uniform statutory framework for arbitration and to encourage the settlement of disputes through the arbitration process. To facilitate confidence in the finality of this process and to discourage piecemeal litigation, the role of the courts in evaluating an arbitration award is strictly limited, and there is a heavy burden on a party attacking an arbitration award. The arbitrator is the final judge of both fact and law. *See generally Judd Construction Co. v. Evans Joint Venture*, 642 P.2d 922 (Colo. 1982).

■ In the absence of statutory grounds to vacate, modify, or change an arbitration award, a trial court may not review the merits of the award. *McNaughton & Rodgers v. Besser*, 932 P.2d 819 (Colo.App.1996). These statutory grounds include, as applicable here, that the court must vacate an award when an arbitrator exceeds his or her authority. Section 13–22–214(1)(a)(III), C.R.S.2000.

To determine whether the arbitrator exceeded his authority here within the meaning of § 13–22–214(1)(a)(III), we must determine the scope of the arbitration clause contained in the insurance policy.

■ When a contractual clause is clear and unambiguous, courts should neither rewrite it nor limit its effect by a strained construction. *State Farm Mutual Automobile Insurance Co. v. Stein*, 940 P.2d 384 (Colo.1997). Thus, in the absence of ambiguity, an insurance policy must be given effect according to the plain and ordinary meaning of its terms. *Farmers Insurance Exchange v. Dotson*, 913 P.2d 27 (Colo.1996).

The insurer argues that the arbitration clause is limited and empowers the arbitrator only to determine the "amount of payment" the insured is legally entitled to recover from the underinsured motorist, not from the insurer. Without admitting that the policy is ambiguous, the insurer urges us to consider that other states have construed similar provisions to limit the arbitration to the damages recoverable from the uninsured or underinsured motorist. *See, e.g., Assicurazioni Generali, S.P.A. v. Clover*, 195 F.3d 161 (3d Cir.1999); *Allstate Insurance Co. v. Cook*, 21 Ariz.App. 313, 519 P.2d 66 (1974); *Liberty Mutual Insurance Co. v. Morgan*, 138 Ill. App.3d 938, 93 Ill.Dec. 557, 487 N.E.2d 1 (1985); *Selected Risks Insurance Co. v. Schulz*, 136 N.J.Super. 185, 345 A.2d 349 (1975); but see, *Zimmerman v. Illinois Farmers Insurance Co.*, 317 Ill.App.3d 360,

251 Ill.Dec. 57, 739 N.E.2d 990 (2000). Consequently, in the insurer's view, the arbitrator exceeded his authority by awarding "damages against" the insurer.

However, the authority relied upon by the insurer construes language similar to that in the first quoted paragraph, but does not concern the second paragraph. The second quoted paragraph specifies that the arbitrator is to determine "the amount of payment under this part as determined by this policy or any other applicable policy." The cases relied upon by insurer interpret policies that do not contain language similar to this second paragraph. Further, the terms of the policy do not govern the extent of the liability of the underinsured motorist to the insured.

Thus, in our view, the arbitration provision unambiguously requires arbitration of the insurer's obligation to the insured under the policy. In other words, the arbitrator was clearly empowered to determine, and did not exceed his jurisdiction by determining, the amount of underinsured motorist benefits payable to the insured under the terms of the policy.

## II.

■ We now consider whether the award is subject to judicial modification by the application of the policy limits and the amount of benefits the insured previously received from third parties. We conclude that the award is not modifiable.

■ Unless an agreement or statute provides otherwise, the parties to an arbitration have an absolute right to be heard and present evidence before the arbitrator and to have a fair opportunity to rebut the evidence and arguments presented by the opposing party. See Dodge City, Inc. v. Chrysler Motors Corp., 780 P.2d 41 (Colo.App.1989). Because judicial review of an arbitration award is limited by the presumption favoring finality, the parties to an arbitration are obligated likewise to present all relevant arguments, defenses, and evidence during the arbitration. Fisher v. State Farm Mutual Automobile Insurance Co., 243 Cal.App.2d 749, 52 Cal.Rptr. 721 (1966)(where a party failed to produce evidence at arbitration on an issue properly before the arbitrator pursuant to a broad arbitration agreement, that party cannot subsequently seek modification if the only reason for the erroneous award is that party's failure to produce evidence on the issue).

The jurisdiction of the courts to modify an arbitration award is controlled by § 13–22–215(1), C.R.S.2000, which provides, in pertinent part:

Upon application made within thirty days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where . . .

. . . .

(b) The arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(c) The award is imperfect in a matter of form, not affecting the merits of the controversy.

Here, the policy limits and setoff amounts were affirmative defenses to the insurer's obligation to pay benefits to the insured, because, if applicable, those limits and setoffs would have considerably reduced the arbitration award. Cf. C.R.C.P. 8(c)("In pleading to a preceding pleading, a party shall set forth affirmatively . . . payment . . . and any other matter constituting an avoidance or affirmative defense," and "[a]ny mitigating circumstances to reduce the amount of damage shall be affirmatively pleaded."); 2 Moore's Federal Practice § 8.07[1]-[2] (3d ed. 1997)("Affirmative defenses, if accepted by the court, will defeat an otherwise legitimate claim for relief.").

The insurer asserts that the arbitrator was advised at the hearing that any award would be subject to policy limits and setoffs. However, there is nothing in the record to support the assertion that the arbitrator was so advised, and no evidence in that regard was submitted to the arbitrator. Even assuming that the insurer did not waive these defenses by failing to raise them during arbitration, it nevertheless failed to meet its burden of

production and proof of the policy limits and the amount of any setoffs. *Cf. Brooks v. Bank of Boulder,* 891 F.Supp. 1469 (D.Colo. 1995)(the party asserting the affirmative defense bears the burden of persuasion); *Fidelity & Deposit Co. v. Colorado Ice & Storage Co.,* 45 Colo. 443, 103 P. 383 (1909)(burden of proof on appellant to sustain proffered affirmative defense); *Tracz v. Charter Centennial Peaks Behavioral Health Systems, Inc.,* 9 P.3d 1168 (Colo.App.2000)(initial burden of production on party asserting affirmative defense).

█ Thus, we reject the insurer's argument that the policy limits and setoff amounts were neither relevant to nor probative of the issues submitted to arbitration. Moreover, contrary to the insurer's related argument, submission of such evidence would not necessarily place the policy limits or setoffs into dispute. However, even assuming otherwise, a dispute over the policy limits and setoffs would be an arbitrable issue. *See State Farm Mutual Automobile Insurance Co. v. Cabs, Inc.,* 751 P.2d 61 (Colo.1988).

Finally, we are not persuaded by the insurer's reliance on *Kutch v. State Farm Mutual Automobile Insurance Co.,* 960 P.2d 93 (Colo. 1998), for the proposition that an arbitration award for uninsured or underinsured motorist coverage that exceeds the applicable policy limits must be vacated if a timely proceeding is commenced in court pursuant to the UAA. In *Kutch,* the insurer and insured proceeded to arbitration on an uninsured or underinsured motorist claim. The policy limits were not introduced during the arbitration, and the insurer did not seek to have the court vacate the award pursuant to § 13–22–214 or to modify or change the award pursuant to § 13–22–215(1) within the thirty-day limit required by both sections. The supreme court held that the insurer's failure to seek vacation or modification of the award based on policy limits in a timely manner barred it from raising the issue during later confirmation proceedings. The court indicated that the award would have been modifiable upon timely application. However, there, the arbitration provision limited the arbitrable issue to whether the insured was entitled to collect damages from the underin-

sured owner or driver, and the amount of those damages. Here, as the insurance policy states, and we have held, the underinsured motorist benefit payable to the insured was specifically arbitrable and was submitted to arbitration.

As the supreme court in *Kutch* recognized with respect to that result, we are not unmindful that this opinion may be perceived as producing an inequitable result. However, excusing procedural defaults during or following arbitration would undermine the use of arbitration as a method of resolving disputes efficiently, conclusively, and comprehensively. *See Kutch v. State Farm Mutual Automobile Insurance Co., supra.*

We conclude that the trial court did not err in confirming the arbitration award. Having so held, we need not address the insured's cross-appeal.

Judgment affirmed.

Judge PLANK and Judge TAUBMAN concur.