UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 31, 2006
Decided June 19, 2006

**Before**

Hon. Michael S. Kanne, *Circuit Judge*

Hon. Terence T. Evans, *Circuit Judge*

Hon. Diane S. Sykes, *Circuit Judge*

No. 05-4080

| | |
|---|---|
| DONALD MULLANEY,<br>　　　　　*Plaintiff-Appellant*,<br><br>　　v.<br><br>ST. PAUL FIRE & MARINE INSURANCE<br>COMPANY, ST. PAUL INSURANCE<br>COMPANY OF ILLINOIS, ST. PAUL<br>TRAVELERS, et al.,<br>　　　　　*Defendants-Appellees*. | Appeal from the United States<br>District Court for the<br>Northern District of Illinois,<br>Eastern Division<br><br>No. 04 C 7192<br><br>Joan B. Gottschall,<br>*Judge*. |

**O R D E R**

　　Donald Mullaney was injured in a car accident while working as a police officer in Bridgeview, Illinois. The accident was covered by the underinsured-motorist provision of Bridgeview's insurance policy with St. Paul Fire and Marine Insurance Company. St. Paul paid Mullaney the limit of the at-fault driver's insurance policy--$250,000--in order to preserve its subrogation rights. See 215 ILCS 5/143a-2(6). An arbitration panel was then convened to determine the full extent of Mullaney's damages. The panel returned a figure of $1,500,000, broken down as follows:

| | |
|---|---:|
| Past Medical | $64,714.00 |
| Disfigurement | $50,000.00 |
| Disability--Past | $385,286.00 |
| Disability--Future | $100,000.00 |
| Pain and suffering--Past | $300,000.00 |
| Pain and suffering--Future | $100,000.00 |
| Loss of Earning--Past/Future | $500,000.00 |
| | **$1,500,000.00** |

Subtracting the $250,000 it had already given Mullaney, St. Paul paid him an additional $1,250,000 to satisfy the arbitration award. Mullaney then sued St. Paul, claiming it was obliged to pay the entire $1,500,000 despite its earlier payment of $250,000. Invoking diversity of citizenship to remove the case to federal court, St. Paul moved for and was granted summary judgment.

Appealing that decision, Mullaney argues that the arbitration panel had exclusive authority to determine the amount to which he was entitled, and if St. Paul wished to apply the $250,000 as a setoff, it should have made that request to the arbitration panel. He points to an Illinois appellate case, Zimmerman v. Illinois Farmers Ins. Co., 739 N.E.2d 990 (Ill. App. Ct. 2000), in which an insurer tried to deduct from the arbitrator's award an amount already paid to the claimant by the at-fault driver's insurer. The court held that by failing to ask the arbitrator to apply the earlier payment as a setoff, the claimant's insurer waived its opportunity to do so and was required to pay the full amount of the award.

The district court found Zimmerman inapplicable, and we agree. The outcome in that case hinged on the particular language of the arbitration clause, which directed the arbitrator to determine the "payment" owed the claimant. Distinguishing "payment" from "damages," the Zimmerman court broadly construed the former to include the determination of any applicable setoff. See 739 N.E.2d at 995. Reasoning that "[t]he language of an arbitration agreement itself governs the question of which issues are the subject of arbitration" id. at 994–95, the court concluded that either the arbitrator already considered the earlier payment and included it in the award, or the insurer dropped the ball by not presenting the issue at arbitration.

The arbitration clause in this case makes no mention of payment, instead authorizing the arbitration panel to determine "the amount of damages" sustained by the claimant--which is precisely what it did, as seen in the itemization we just listed. Since the insurance contract prohibits double payments ("In no event will a protected person be allowed to receive duplicate

payments for the same loss."), St. Paul was entitled to deduct the earlier payment from the panel's assessment of damages. The setoff issue was beyond the scope of the arbitration panel's authority. Cf. Johnson v. State Farm Mut. Auto Ins. Co., 752 N.E.2d 449, 454 (Ill. App. Ct. 2001) ("Nothing in the arbitration provision in the present case authorized the arbitrators to consider any setoff or nonduplication provisions that may be contained in other provisions of the policy.").

The judgment of the district court is AFFIRMED.